EDITH R. SUSLICK, Ex'r of the Estate of Alvin Suslick, Deceased, Plaintiff-Appellant, v. ROTHSCHILD SECURITIES CORPORATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 86—3426

Opinion filed October 27, 1987.—Rehearing denied November 20, 1987.

Henry Thrush Synek, of Chicago, for appellant.

Bruce L. Wald, of Tishler & Wald, Ltd., and James T. Nyeste, of Wildman, Harrold, Allen & Dixon, both of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:
On November 16, 1984, Edith R. Suslick, as executor of the estate of Alvin Suslick, deceased, filed this chancery complaint based on fraud and for an accounting. This complaint follows five previous complaints filed in Federal court, as well as the Illinois courts, arising from the same alleged misconduct. The action arose from the defendants' handling of stock option trades for the decedent from July 1975 to July 1976. Defendants moved to dismiss the November 16, 1984, complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(4), (5)) under the applicable statute of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—205), and by the doctrine of *res judicata*. Defendants' motion was granted solely on the statute of limitations issue. Plaintiff now appeals that dismissal. The defendants have cross-appealed on the issue of *res judicata*.
Some of the pertinent facts alleged in plaintiff's complaint are

that Alvin Suslick, during his lifetime, entered into a written agreement with the defendants dealing with stock option trades. The agreement, dated July 25, 1975, is incorporated into the pleading. The account was actively traded from its inception until July 31, 1976.

Alvin Suslick died on May 22, 1978. Plaintiff's complaint alleges that the defendants actively concealed their fraudulent actions from her husband, herself and her attorneys. She alleges that she first discovered the fraud on August 31, 1979.

Thereafter, Edith Suslick, his widow, and their four children filed suit against the defendants in Federal court alleging violations of Federal securities laws. (Suslick v. Rothschild Securities Corp. (N.D. Ill.), 80 C 2552.) On September 29, 1980, that action was dismissed principally because it was brought by the wrong party plaintiff.

On May 19, 1981, essentially the same case was refiled in the name of Edith P. Suslick, as executor, rather than in the name of herself and her children as heirs of Alvin Suslick. (Suslick v. Rothschild Securities Corp. (N.D. Ill.), 81 C 2796.) This action was also based upon defendants' alleged violation of the Federal securities laws. (Securities Act of 1933 sec. 17(a), 15 U.S.C. sec. 77q(a) (1982); Securities Exchange Act of 1934 sec. 10(b), 15 U.S.C. sec. 78j(b) (1982) (SEC Rule 10b—5).) Federal jurisdiction was invoked on this basis. Later, the pleadings were amended to add a count alleging common law fraud, a pendant State court action, as count II of the second amended complaint.

While this Federal securities and pendant State court action was pending and undetermined in the Federal court (81 C 2796), the plaintiff filed a concurrent common law fraud action in the circuit court of Cook County as an added precaution toward preserving her State claim. (82 CH 5319, circuit court of Cook County, Illinois.) Defendants moved to dismiss the Federal securities action asserting that it was time barred. Since there is no applicable Federal statute of limitations, the court applied the Illinois three-year statute of limitations. (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13(D).) On December 30, 1982, an order was entered dismissing plaintiff's Federal securities action based on the Illinois statute of limitations. Plaintiff appealed this dismissal order.

While the appeal was pending in the United States Court of Appeals for the Seventh Circuit, defendants moved to dismiss plaintiff's State court action. On December 15, 1983, the circuit court dismissed the State court action *without prejudice*, because the pendant State court action would not be finally determined in the Federal court until the Federal appeal was completed.

On August 16, 1984, the dismissal of plaintiff's Federal securities action was affirmed by the United States Court of Appeals. *Suslick v. Rothschild Securities Corp.* (7th Cir. 1984), 741 F.2d 1000.

On November 16, 1984, the present action was filed in the circuit court of Cook County. Defendants filed a motion to dismiss on the basis of *res judicata* and the five-year statute of limitations. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) On June 17, 1986, the trial court granted the motion solely on the basis of the statute of limitations. After a denial of post-trial motions, plaintiff appealed the dismissal. Defendants have cross-appealed, again asserting that the action is also barred by *res judicata.*

The issues presented are whether the trial court correctly applied the five-year statute of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) and correctly applied the doctrine of *res judicata.*

I

■■ In this case we are considering the propriety of a dismissal under sections 2—619(4) and (5). (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(4), (5).) A motion to dismiss admits all facts well pleaded. We must accept as true not only those facts, but all reasonable inferences therefrom. (*Bishop v. Ellsworth* (1968), 91 Ill. App. 2d 386, 391, 234 N.E.2d 49.) Therefore, we are required for purposes of this opinion to accept as true plaintiff's allegations that defendants actively concealed the alleged fraud from the decedent, the plaintiff, and her attorneys, and that plaintiff was diligent and did not discover the alleged fraud until August 31, 1979.

II

Plaintiff contends that the trial court erred in applying the five-year statute of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) because her action was based on a written contract and, therefore, the 10-year statute of limitations was applicable (Ill. Rev. Stat. 1985, ch. 110, par. 13—206). We disagree.

The pendant State court action was first raised as an additional count in the Federal court (81 C 2796) as common law fraud. This theory of recovery never changed in any subsequent pleadings. Although Federal and State procedures have liberal provisions for amendment, plaintiff did not make any effort to amend her pleadings to allege breach of contract or to add a contract count. Breach of contract was raised for the first time on appeal. .

■■ Issues not raised in the trial court are generally considered waived. (*In re Estate of Cohan* (1978), 59 Ill. App. 3d 963, 967, 376

N.E.2d 628, *appeal denied* (1978), 71 Ill. 2d 608.) Failure to raise an issue in post-trial motions constitutes a waiver of that issue. *Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183.

■■ Since plaintiff did not allege a breach of contract, did not amend her pleadings to include such a cause of action, and did not raise this issue in her post-trial motions, she cannot now, for the first time, raise this issue on appeal. Therefore, the 10-year limitations period for contract actions (Ill. Rev. Stat. 1985, ch. 110, par. 13—206) does not apply to this case.

## III

The five-year limitations period of section 13—205 of the Illinois Code of Civil Procedure applies to actions based on fraud and tortious misrepresentation. (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.) The statute states that the action shall be commenced within five years next after the cause of action accrued. Ill. Rev. Stat. 1985, ch. 110, par. 13—205.

■ Under ordinary circumstances, the cause of action in this case accrued on July 31, 1976, which was the date of the last transaction. Applying section 13—205, the five-year limitation expired on July 31, 1981. Since plaintiff's complaint in this case was filed on November 16, 1984, it appears to be late by more than three years.

Accepting the defendants' fraudulent concealment of the cause of action, as we are required for purposes of a motion to dismiss, the statute of limitations starts to run on the date the fraud was discovered by plaintiff. (Ill. Rev. Stat. 1985, ch. 110, par. 13—215.) Plaintiff discovered the cause of action on August 31, 1979, within the period of the underlying statute of limitations, which would expire on July 31, 1981. Therefore, 23 months remained for the plaintiff to act.

■ However, section 13—215, as interpreted by the Illinois Supreme Court and this court, does not extend the statute of limitations beyond its original expiration when a reasonable length of time remains in which to file suit following discovery of the fraudulent concealment. (*E.g., Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed sub nom Woodward v. Burnham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54 (seven months remaining in underlying period of limitations is reasonable length of time); *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114, *appeal denied* (1980), 79 Ill. 2d 630 (two months remaining in underlying period of limitations is reasonable length of time).) Therefore, section 13—215 does not affect the normal July 31, 1981,

expiration of the five-year limitation period.

However, plaintiff's Federal court action as executor (81 C 2796) was filed on May 19, 1981. This action was amended to include a pendant State court claim for common law fraud. This amendment to the pleadings, whether applying Federal rules of procedure (28 U.S.C.A. R. 15(c) (1982)) or Illinois rules of procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(b)), relates back to the date of the filing of the original complaint. Therefore, plaintiff's common law fraud action against the defendants was actually commenced on May 19, 1981, which is about 2½ months prior to the expiration of the five-year statute of limitations or July 31, 1981. This State common law fraud claim was dependent upon the survival of the Federal securities count to remain in the Federal forum. When the Federal securities count was finally determined against the plaintiff, the pendant State claim was not substantively affected, but was left without its Federal forum.

In anticipation of this possibility, plaintiff filed her concurrent State court complaint alleging common law fraud in the circuit court of Cook County (82 CH 5319), while the Federal appeal was pending and undetermined. This State court action was dismissed *without prejudice* because of the pendency of the Federal appeal. Thus, the plaintiff evidenced her diligence in pursuing the State common law fraud claim against the defendants in whatever forum became available.

The dismissal of the State court action *without prejudice* occurred on December 15, 1983. The case before us was filed on November 16, 1984. This is within one year of the dismissal, without prejudice, of the prior State court case. Section 13—217 of the Illinois Code of Civil Procedure authorizes the commencement of the present case and makes it timely. Ill. Rev. Stat. 1983, ch. 110. par. 13—217.

The Federal appeal was finally determined on August 16, 1984. (*Suslick v. Rothschild Securities Corp.* (7th Cir. 1984), 741 F.2d 1000.) The case before us was filed well within one year from August 16, 1984. It was not until August 16, 1984, that the Federal court lost jurisdiction over the pendent State court action because the court of appeals affirmed the dismissal of the Federal securities count. Because of this lack of Federal jurisdiction, section 13—217 authorized plaintiff to commence a new action within one year. Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

■■ ■ Thus, whether the time is measured from the date of the dismissal without prejudice of the State court action on December 15, 1983, or the final determination of the federal action on August 16, 1984, the case at bar was filed within one year of either date and

therefore is timely under section 13—217. Being remedial in nature, section 13—217 should be liberally construed to facilitate the disposition of litigation on its merits and to avoid frustration of the action on grounds unrelated to the merits. See *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415.

The Illinois Code of Civil Procedure provides that "[t]his Act shall be liberally construed, to the end that controversies may be speedily and finally determined *according to the substantive rights of the parties.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 1—106.) In the case before us, the philosophy and purpose of the Code is better served with a liberal construction permitting a determination "according to the substantive rights of the parties."

## IV

■ The trial court denied defendants' section 2—619(5) motion to dismiss based on *res judicata.* Defendants contend that the dismissal of the initial Federal complaint, which was filed on May 20, 1980, barred the present action. *Res judicata* prohibits the relitigation of claims and issues that were raised by a prior action between the same parties or their privies which has been resolved by final judgment on the merits by a court of competent jurisdiction. *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278, *appeal denied* (1981), 85 Ill. 2d 567.

■ The pendant State court action was never considered on its merits. The United States District Court dismissal applied to the Federal securities claim and did not substantively affect the pendant State court action. Therefore, *res judicata* does not apply in this case.

Accordingly, the order of the circuit court of Cook County denying defendants' motion to dismiss on the grounds of *res judicata* is affirmed and the order granting defendants' motion to dismiss based on the statute of limitations is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.