FRANK D. SEINFELD, Indiv., as Class Representative, and Derivatively on Behalf of Baxter Healthcare Corporation, Plaintiff-Appellee and Cross-Appellant, v. KARL D. BAYS *et al.*, Defendants-Appellants and Cross-Appellees (Baxter Healthcare Corporation, Nominal Defendant-Cross-Appellee).

First District (6th Division)   Nos. 1—90—3414 through 1—90—3416 cons.

Opinion filed May 22, 1992.

Hopkins & Sutter, of Chicago (John Conlon and Katherine T. Millett, of counsel), and Bass, Berry & Sims, of Nashville, Tennessee (Steven A. Riley

and Robert E. Cooper, Jr., of counsel), for appellant Hospital Corporation of America.

Sidley & Austin, of Chicago (Michael I. Miller, David M. Stahl, and Emily J. Rothman, of counsel), for other appellants.

Seinfeld, Cherry & Flynn (Myron M. Cherry and Peter Flynn, of counsel), Robinson, Curley & Clayton (Fay Clayton and David Rubman, of counsel), and Sachnoff & Weaver, Ltd. (Lowell E. Sachnoff and Joel M. Shapiro, of counsel), all of Chicago, and Garwin, Bronzaft, Gerstein & Fisher (Betram Bronzaft, of counsel), and Wolf, Popper, Ross, Wolf & Jones (Klari Neuwelt, of counsel), both of New York, New York, for appellee Frank D. Seinfeld.

Bell, Boyd & Lloyd, of Chicago (John P. Scotellaro and John W. Rotunno, of counsel), for appellee Baxter Healthcare Corporation.

JUSTICE LaPORTA delivered the opinion of the court:

This appeal arises from a four-count complaint brought by plaintiff against Hospital Corporation of America (HCA), Baxter Healthcare Corporation (Baxter), as nominal defendant, and against the former directors of American Hospital Supply Corporation (American).

Counts I and II of the complaint asserted shareholders' derivative claims, on behalf of Baxter, against HCA and the individual defendants. Counts III and IV asserted individual claims on behalf of all persons holding an ownership interest in the common stock of American at the time American merged with Baxter. The trial court dismissed the shareholders' derivative claims, finding that plaintiff had failed to make the necessary presuit demand upon the board of directors of Baxter. The court denied defendants' motions to dismiss the individual claims and also denied defendants' request that the entire cause of action be dismissed under the doctrine of *res judicata*.

Defendants have filed this interlocutory appeal, challenging the trial court's denial of their motion to dismiss the individual claims raised in counts III and IV and challenging the court's refusal to dismiss the entire cause of action under the doctrine of *res judicata*. Although these rulings would not normally be reviewable because they are not final orders which ascertain the rights of the parties and determine the litigation on the merits (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482; *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483, 485; *Village of Niles v.*

*Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371, 372), they are subject to review by this court because the trial judge certified the questions for interlocutory appeal. See 134 Ill. 2d R. 308.

Plaintiff has filed a cross-appeal attacking the court's dismissal of counts I and II.

The record on appeal reveals plaintiff alleged in his complaint that he held common stock in American prior to its merger with Baxter. Subsequently, and as a result of the merger, plaintiff became a shareholder in Baxter. Baxter, American, and HCA were engaged in the health-care industry. Each of the individual defendants named in the complaint was a director of American at the time of and prior to its merger with Baxter. All of the claims asserted by plaintiff arose from two major transactions involving American, HCA, and Baxter.

The first transaction consisted of an agreement and plan of reorganization (merger agreement) executed March 30, 1985, between American and HCA. Under the terms of this agreement, the two corporations were to merge, and the shareholders of each company were to receive stock in a third, newly created company.

The merger agreement also included a term intended to defend against any take-over attempt by a third party. This term has been referred to by the plaintiff as the "lock-up" or "stock swap" provision (hereinafter the stock swap provision). The stock swap provision specified that, in the event a third party made a public offer for the stock of either HCA or American, either corporation had the right to effect an exchange of securities whereby HCA would acquire 35% of American's common stock (39 million newly issued shares of American stock) and American would acquire 25% of HCA's common stock (29.5 million shares of HCA stock). This stock swap provision also specified that in the event of its exercise, both companies agreed to vote the shares acquired thereunder in favor of the merger agreement previously described and against any other competing offers.

The second transaction challenged by plaintiff took place in July 1985, prior to a consummation of the American-HCA merger and as a result of a tender offer by Baxter to acquire American at a price significantly higher than that offered by HCA. This transaction consisted of an agreement by American, HCA, and Baxter (hereinafter the termination agreement) whereby American and HCA agreed to terminate their merger agreement, including the stock swap provision. Pursuant to this termination agreement, HCA agreed to accept a cash payment from American as consideration for HCA's relinquishment of the stock swap option. HCA was to receive $150 million if the Baxter-American merger was consummated by March 31, 1986, and an addi-

tional $50 million if, following consummation but prior to December 31, 1990, HCA and its customers purchased a specified amount of Baxter products.

Plaintiff alleged in his complaint that defendant Bays, the former chairman and chief executive officer of American, and Thomas F. Frist, Jr., president and chief executive officer of HCA, were long-time friends and had orchestrated the merger agreement between American and HCA in order to preserve and entrench themselves in office. Plaintiff asserted that under the merger agreement, Bays, Frist, and a majority of the directors of both companies were to retain their respective positions.

The complaint asserted further that the stock swap provision included in the merger agreement was unlawful and gave to HCA the unilateral power to block any proposed merger of American with a third party, even if such a merger would be beneficial to American and its shareholders. Plaintiff alleged that through the stock swap provision of the merger agreement, the individual defendants abdicated and put into HCA's hands their fiduciary duty to act in the best interest of American's shareholders with respect to merger proposals and deprived themselves and American's shareholders of the ability to take meaningful action on any subsequent third-party merger proposal, regardless of how desirable such a proposal might be.

Plaintiff also asserted that as a result of these actions, the individual defendants wrongfully forced American and its shareholders to suffer enormous and improper waste in the amount of $150 million in order to terminate the merger agreement and to rescind the stock swap provision. The complaint asserted further that because the termination fee to HCA was made a condition of the highly desirable merger agreement with Baxter, the individual defendants deprived American's shareholders of any meaningful opportunity to object to the $150 million payment.

Counts I and II of the complaint asserted shareholders' derivative claims on behalf of Baxter and against HCA and the individual defendants. Count I alleged that the individual defendants had breached their fiduciary duties as the former directors of American and did not approve the stock swap provision in good faith after a reasonable investigation. Count II alleged that HCA had aided, abetted, conspired with, and intentionally joined with the individual defendants in the breach of their fiduciary duties to American. Plaintiff asserted that a presuit demand upon Baxter's board of directors would have been futile because the Baxter board included many of the

individual defendants and because the conduct of these defendants was not protected by the "business judgment rule."

In counts III and IV, plaintiff asserted individual claims, as class representative, on behalf of all persons holding an ownership interest in the common stock of American as of the date of the merger with Baxter. The grounds underlying these two counts were identical to those asserted in counts I and II.

The relief sought by plaintiff included an adjudication that the stock swap agreement between American and HCA was unlawful, invalid, and a breach of the fiduciary duties of American's directors; damages in favor of Baxter in the amount of $150 million plus prejudgment interest; and an award of reasonable attorney fees, expert fees, expenses, and costs of suit.

Baxter, HCA, and the individual defendants moved to dismiss the derivative claims asserted in counts I and II based upon plaintiff's failure to make a presuit demand upon the Baxter board of directors prior to filing his complaint.

HCA and the individual defendants moved to dismiss counts III and IV, contending that plaintiff lacked standing as an individual shareholder to pursue claims belonging solely to the corporation.

HCA and the individual defendants also sought dismissal of all four counts of the complaint, contending, *inter alia*, that the claims asserted by plaintiff were barred by the doctrine of *res judicata* because they had been previously litigated in a Federal court action brought by plaintiff in 1985.

The trial court dismissed the shareholders' derivative claims in counts I and II, finding that plaintiff had failed to make the necessary presuit demand upon the board of directors of Baxter, but the court denied the motions to dismiss the individual claims asserted in counts III and IV. The trial court also denied defendants' request that the entire cause of action be dismissed under the doctrine of *res judicata*.

Upon denial of defendants' motion to reconsider its ruling, the trial court certified for interlocutory appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308) the following questions:

> (A) whether the trial court correctly dismissed plaintiff's derivative claims asserted in counts I and II on the grounds that plaintiff was required to, but did not, make a presuit demand on the board of directors of Baxter;
>
> (B) whether the trial court correctly denied defendants' motions to dismiss plaintiff's individual shareholder claims asserted in counts III and IV for lack of standing; and

(C) whether the trial court correctly ruled that counts I through IV were not barred by the doctrine of *res judicata.*

Defendants have appealed the trial court's denial of their motion to dismiss counts III and IV of the complaint and the court's refusal to dismiss the entire cause of action under the doctrine of *res judicata.* Plaintiff has filed a cross-appeal challenging the court's dismissal of counts I and II.

We initially address the trial court's refusal to dismiss plaintiff's entire cause of action under the doctrine of *res judicata.*

HCA and the individual defendants have asserted that all of the claims raised in plaintiff's complaint were barred by the doctrine of *res judicata* because they had been previously litigated in a Federal court action brought by plaintiff in 1985. We disagree.

Under the doctrine of *res judicata,* a final judgment of a claim or cause of action raised in a prior action bars a subsequent action between the same parties on the same claim or cause of action. *Suslick v. Rothschild Securities Corp.* (1987), 164 Ill. App. 3d 589, 595, 517 N.E.2d 600, 604, *rev'd on other grounds* (1989), 128 Ill. 2d 314, 538 N.E.2d 553; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375, 444 N.E.2d 205, 208.

■■ In the case at bar, the Federal action filed by plaintiff in 1985 raised both Federal and State claims. The Federal claim asserted by plaintiff in that action was premised upon allegations of insider trading and was brought under section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78p(b) (1988)). (See *Seinfeld v. Hospital Corp. of America* (N.D. Ill. 1988), 685 F. Supp. 1057.) The State claims, asserted under pendent jurisdiction, were predicated upon the same allegations as the claims presented here and charged that the individual defendants had breached their fiduciary duties as directors of American.

Upon motions filed by HCA and American, the district court dismissed plaintiff's cause of action. The court determined that because HCA was not an "insider" when it acquired the stock swap option and because its exercise of the option would not have amounted to a section 16(b) "purchase" of the underlying American stock, plaintiff was unable to prove any set of facts which would establish a "purchase and sale *** within six months" which could have been based on inside information. (See 15 U.S.C. §78p(b) (1988).) The district court found further that because HCA was not a beneficial owner of more than 10% of American stock at the time of the purchase, a claim under section 16(b) would not lie. Having determined that plain-

tiff had not alleged sufficient facts to assert a violation of section 16(b), the district court dismissed the Federal claim of insider trading.

Having disposed of plaintiff's Federal claim for failure to state a cause of action under section 16(b), the district court also dismissed the State claims asserted under pendent jurisdiction. This action by the district judge was in accordance with the general rule requiring dismissal of pendent State claims for want of jurisdiction where all Federal claims have been eliminated before trial. See *Carnegie-Mellon University v. Cohill* (1988), 484 U.S. 343, 98 L. Ed. 2d 720, 108 S. Ct. 614.

In dismissing plaintiff's Federal claim, the district court judge did not address or discuss the pendent State claims alleging breach of fiduciary duties. The dismissal of the pendent State claims was based solely upon a lack of jurisdiction and did not substantively affect those claims. For purposes of *res judicata*, the definition of a judgment on the merits is one which is based upon legal rights rather than mere matters of practice, jurisdiction, or form. (*Harper Plastics, Inc. v. Amoco Chemicals Corp.* (7th Cir. 1981), 657 F.2d 939, 943.) The dismissal of plaintiff's Federal section 16(b) claim for failure to state a cause of action was an adjudication on the merits of that claim only, and the dismissal for want of jurisdiction of the pendent State claims cannot be construed as a determination on the merits. *Harper Plastics, Inc.*, 657 F.2d at 943; *Suslick*, 164 Ill. App. 3d at 595.

Consequently, the judgment in the 1985 Federal action did not bar the refiling of plaintiff's State claims in the case at bar. (*Suslick*, 164 Ill. App. 3d at 595. See also *Nilsen v. City of Moss Point* (5th Cir. 1982), 674 F.2d 379, *aff'd* (5th Cir. 1983), 701 F.2d 556; *Gregory v. Mitchell* (5th Cir. 1981), 634 F.2d 205; *Management Investors v. United Mine Workers* (6th Cir. 1979), 610 F.2d 384.) We conclude, therefore, the trial court correctly determined that the doctrine of *res judicata* did not apply in the instant case and properly denied defendants' motion to dismiss plaintiff's complaint on this basis.

We next consider whether the trial court erred in dismissing the derivative claims raised in counts I and II on the grounds that plaintiff failed to make a presuit demand upon the board of directors of Baxter.

Plaintiff asserted in his complaint that a demand upon the board of directors of Baxter was excused because such demand would be futile. The trial court, however, rejected this assertion and dismissed counts I and II on the basis that plaintiff had failed to make the requisite demand.

Because Baxter is a Delaware corporation, Delaware law governs any derivative claims brought on its behalf or any individual claims brought by its shareholders. See *Panter v. Marshall Field & Co.* (7th Cir. 1981), 646 F.2d 271, *cert. denied* (1981), 454 U.S. 1092, 70 L. Ed. 2d 631, 102 S. Ct. 658.

A presuit demand upon the board of directors of the corporation is required under Delaware Court of Chancery Rule 23.1, which provides, in pertinent part, as follows:

"In a derivative action brought by 1 or more shareholders or members to enforce a right of a corporation *** the complaint *** shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and the reasons for his failure to obtain the action or for not making the effort."

Consequently, a plaintiff seeking to enforce a claim which has accrued to a corporation must either (1) make a presuit demand requesting that the corporation's board of directors assert the claim, or (2) establish that such a demand would be futile, prior to the filing of a derivative cause of action.

■ The test employed in determining whether a demand upon a corporate board of directors would be futile consists of an examination of whether, taking the well-pleaded facts as true, the allegations in the complaint raise a reasonable doubt that (i) the directors are disinterested and independent, and (ii) the directors exercised proper business judgment in approving the challenged transaction. *Levine v. Smith* (Del. 1991), 591 A.2d 194; *Grobow v. Perot* (Del. 1988), 539 A.2d 180, 186; *Pogostin v. Rice* (Del. 1984), 480 A.2d 619, 624; *Aronson v. Lewis* (Del. 1984), 473 A.2d 805, 814.

The first prong of this test is applied as of the time the litigation was commenced. (*Pogostin*, 480 A.2d at 624.) Thus, the court must review the factual allegations of the complaint to determine whether they create a reasonable doubt as to the disinterest and independence of the directors at the time the complaint was filed. *Pogostin*, 480 A.2d at 624.

■ Directorial interest exists whenever divided loyalties are present, or a director either has received, or is entitled to receive, a personal financial benefit from the challenged transaction which is not equally shared by the stockholders. (*Pogostin*, 480 A.2d at 624; *Aronson*, 473 A.2d at 812.) Independence of directors is determined by examination of the influences upon the directors' performance of their duties generally, and more specifically, in respect to the challenged

transaction. *Pogostin,* 480 A.2d at 624; *Aronson,* 473 A.2d at 814, 816.

Demand typically is deemed to be futile when a majority of the directors have participated in or approved the alleged wrongdoing or are otherwise financially interested in the challenged transactions. *Kamen v. Kemper Financial Services, Inc.* (1991), 500 U.S. 90, 114 L. Ed. 2d 152, 111 S. Ct. 1711.

■ In the instant case, plaintiff has asserted that a demand upon Baxter's board of directors was excused because such demand would be futile. Specifically, the complaint alleged that the Baxter board included many of the individual defendants who had been directors of American. Plaintiff also alleged that other members of the Baxter board approved and encouraged the termination of the merger agreement between American and HCA, including the provision for payment of $150 million as consideration for HCA's relinquishment of its rights under the stock swap provision.

Moreover, the complaint also asserted that demand upon the Baxter board would have been futile because the members of that board approved and encouraged the termination agreement which included releases by which Baxter and American relieved HCA of all liability for the challenged transactions. This release provision in the termination agreement prevented the Baxter board from making an unbiased and independent assessment of a presuit demand by a former shareholder of American because it specifically precluded Baxter and American from asserting any claims arising out of the challenged transactions.

Our review of the allegations in plaintiff's complaint indicates that he has raised a reasonable doubt as to the disinterest and independence of the Baxter board of directors. It is evident that the Baxter board cannot be considered independent where the release provision in the termination agreement effectively prohibited the board from acting on a right or claim which accrued to the corporation and arose out of the transactions at issue here.

In addition, plaintiff's complaint alleged that the Baxter board approved the potential additional $50 million which Baxter might have been obligated to pay to HCA. This allegation supports the assertion that plaintiff raised a reasonable doubt as to the disinterest and independence of the Baxter board and that a presuit demand would have been futile.

Consequently, we hold that plaintiff's complaint alleged sufficient facts to raise a reasonable doubt that, at the time the complaint was

filed, the members of the Baxter board of directors were disinterested and independent.

In light of our determination on this issue, we need not consider whether plaintiff's complaint asserted adequate facts to raise a reasonable doubt that the actions of the individual defendants were appropriate under the business judgment prong of the demand futility test.

Finally, we consider whether the trial court erred in refusing to dismiss the individual claims raised in counts III and IV. HCA and the individual defendants have argued that counts III and IV should have been dismissed based upon plaintiff's lack of standing, as an individual shareholder, to pursue claims which have accrued to the corporation.

■■ Shareholders may bring direct actions, both as individuals and as a class, for injuries done to them in their individual capacities by corporate fiduciaries. (*Kramer v. Western Pacific Industries, Inc.* (Del. 1988), 546 A.2d 348, 351.) Yet, in order to properly assert an individual claim, a plaintiff is required to assert more than an injury resulting from a wrong to the corporation. (*Kramer*, 546 A.2d at 351.) A plaintiff must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation. (*Kramer*, 546 A.2d at 351.) For a plaintiff to have standing to bring an individual action, he must be injured directly or independently of the corporation. *Kramer*, 546 A.2d at 351.

■■ Whether a cause of action is individual or derivative must be determined from the nature of the wrong alleged and the relief, if any, which could result if plaintiff were to prevail. (*Kramer*, 546 A.2d at 352.) In determining the nature of the wrong alleged, a court must look to the body of the complaint rather than to the plaintiff's designation or stated intention. *Kramer*, 546 A.2d at 352.

■■ In the case at bar, plaintiff's complaint asserted that he and the other members of the class of American shareholders suffered individual injuries as a result of the same conduct alleged in counts I and II which raise derivative claims. The factual bases of the wrongs alleged in all four counts of the complaint are identical. The nature of these allegations amounts to charges that the actions of the defendants resulted in a devaluation of American's stock and subsequent corporate waste. Plaintiff's complaint failed to allege that the merger with Baxter was unfair or that plaintiff and the other shareholders had a contractual right to vote on the stock swap or repurchase agreements.

Thus, the plaintiff failed to allege either an injury which was separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which existed independently of any right of the corporation. (See *Kramer*, 546 A.2d at 351.) In addition, the plaintiff did not assert that he was injured directly or independently of the corporation. *Kramer*, 546 A.2d at 351.

Claims of devaluation of stock and of corporate waste are claims which accrue to the corporation rather than to individual shareholders. (*Kramer*, 546 A.2d at 354; *Moran v. Household International, Inc.* (Del. 1985), 490 A.2d 1059, 1070.) Such suits must be brought derivatively on behalf of the corporation and its shareholders. (*Kramer*, 546 A.2d at 353.) Consequently, we find that the trial court erred in refusing to dismiss for lack of standing the individual claims which plaintiff attempted to raise in counts III and IV.

For the foregoing reasons, the trial court's determination that the entire complaint could not be dismissed under the doctrine of *res judicata* is affirmed; the trial court's dismissal of counts I and II for failure to make the requisite presuit demand upon the Baxter board of directors is reversed; and the trial court's refusal to dismiss the individual claims raised in counts III and IV is reversed.

Affirmed in part; reversed in part.

McNAMARA and RAKOWSKI, JJ., concur.