**Irwin B. BLATT and Esther Blatt, Plaintiffs,**

v.

**DEAN WITTER REYNOLDS INTERCAPITAL INC., Dean Witter Reynolds Organization Inc., and InterCapital Liquid Asset Fund, Inc., Defendants.**

**No. 79 Civ. 5489 (MEL).**

United States District Court, S. D. New York.

Jan. 7, 1982.

---

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs; Abraham L. Pomerantz, Stanley M. Grossman, Stephen P. Hoffman, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants Dean Witter Reynolds InterCapital Inc. and Dean Witter Reynolds Organization Inc.; Marvin Schwartz, Robin A. Goldman, New York City, of counsel.

Gordon, Hurwitz, Butowsky, Baker, Weitzen, Shalov & Needell, New York City, for defendant InterCapital Liquid Asset Fund Inc.; David Butowsky, Paul Wexler, New York City, of counsel.

LASKER, District Judge.

This is an action by shareholders of InterCapital Liquid Asset Fund Inc. (the "Fund") to recover for the Fund allegedly excessive advisory fees paid to Dean Witter Reynolds InterCapital Inc. ("the Adviser"). The suit is brought under the Investment Company Act of 1940, as amended, 15 U.S.C. § 80a–1 *et seq.* (the "Act").

Defendants move pursuant to Fed.R. Civ.Pr. 12(c) to dismiss the complaint on the ground that plaintiffs have failed to make a demand on the directors of the Fund or to plead justification for failing to do so. Defendants contend that Fed.R.Civ.Pr. 23.1 requires such action. Plaintiffs move to amend the complaint to add the allegations that the suit is not a collusive one to confer jurisdiction which the court would not otherwise have (Proposed Amended Complaint ¶ 2) and that no demand was made upon the directors of the Fund because "this action is brought under Section 36(b) of the Act, and plaintiffs have an absolute right under that statute to maintain the action." (Proposed Amended Complaint ¶ 20).[1]

---

1. Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a–35(b), provides in relevant part:

    "(b) For the purposes of this subsection, the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security hold-

ers thereof, to such investment adviser or any affiliated person of such investment adviser. An action may be brought under this subsection by the Commission, or by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty con-

Defendants contend that the requirements of Rule 23.1 are applicable even to suits brought under § 36(b) of the Investment Company Act and emphasize that three courts have recently so ruled: *Markowitz v. Brody*, 90 F.R.D. 542 (S.D.N.Y. 1981); *Weiss v. Temporary Investment Fund, Inc.*, 516 F.Supp. 665 (D.Del.1981); *Grossman v. Johnson*, 89 F.R.D. 656 [1981] (D.Mass.1981). These courts have generally reasoned that nothing in the legislative history reveals a Congressional intent to abrogate the demand or excuse the requirements of Rule 23.1 and that, where it is not alleged that a majority of the directors are not independent of the Adviser, the demand requirement satisfies the policy underlying Rule 23.1 of giving the directors an opportunity to investigate and remedy any shortcomings themselves, thus possibly avoiding the need for litigation. Although the directors cannot block a § 36(b) action, in contrast to their power with respect to ordinary derivative suits, it is maintained that the demand requirement nevertheless accords the directors an opportunity to take action in response to the complaints.

Plaintiffs argue that a demand on directors in the context of the relationship between the Fund and the Adviser would have been and would be an empty, ritualistic formality. They stress that under the Supreme Court's recent decision in *Burks v. Lasker*, 441 U.S. 471, 484, 99 S.Ct. 1831, 1840, 60 L.Ed.2d 404 (1979), directors are held to have no power to terminate a suit brought by shareholders of the Fund. They assert that it would be inconsistent with their absolute right to maintain their action to require that a demand on directors be made. Moreover, they argue that the prac-

ticalities of the situation suggest that the directors will not favorably respond to any demand, since any such action would be an implicit admission that the directors had previously neglected their duties under § 15(c) of the Act properly to evaluate the Adviser contract. The plaintiffs also emphasize that the demand rule is merely procedural and its application in the § 36(b) context, with its inherent delay, would serve to extinguish their substantive rights to recovery of at least part of the allegedly excessive fee since § 36(b) limits recovery to a one-year period preceding the commencement of suit. Finally, plaintiffs contend that, even if a demand were generally required for § 36(b) suits, it should not be required here because the Fund's directors have taken an openly adversarial position in their answer to the complaint and by that act have demonstrated that a demand would in fact be fruitless.

Defendants reply that a demand even in the present context would not be futile because, if the directors decide that the claims are nevertheless meritorious, they may be able to negotiate a return of the excessive fee, making litigation unnecessary. Moreover, defendants argue that plaintiffs' arguments are equally applicable to the context of the ordinary derivative suit in which it is well-established that a demand must be made. They point out that four of the five directors are independent and that accordingly the conflict of interest asserted by the plaintiffs is baseless. Finally, the defendants contend that the adversarial position taken by the Fund in its answer cannot excuse the demand requirement because the necessity of a Rule 23.1 demand must be evaluated at the time of the commencement of the suit.

cerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person. With respect to any such action the following provisions shall apply:

\* \* \* \* \* \*

(3) No such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be grant-

ed against any person other than the recipient of such compensation or payments. No award of damages shall be recoverable for any period prior to one year before the action was instituted. Any award of damages against such recipient shall be limited to the actual damages resulting from the breach of fiduciary duty and shall in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient.

While the question is close, we agree with plaintiffs that in this case a demand on the directors of the Fund would be futile and therefore the demand requirement is excused under the terms of Fed.R.Civ.Pr. 23.1. It is clear at least at this stage of the litigation that the directors in fact disagree with plaintiffs' contention that the fee is excessive. In the answer, the Fund alleges that the "independent directors of the Fund made a thorough examination of the reasonableness and fairness of the fees. After considering all of the pertinent facts and with full knowledge of their responsibilities under the Investment Company Act, the independent directors approved the fee schedule." (Complaint ¶ 15). Accordingly, it presently appears that a demand would be futile. See Galfand v. Chestnutt, 402 F.Supp. 1318 (S.D.N.Y.1975), aff'd, 545 F.2d 807 (2d Cir. 1976), cert. denied, 435 U.S. 943, 98 S.Ct. 1524, 55 L.Ed.2d 540 (1976). To require a dismissal of the complaint and a demand at the present time would result only in the empty gesture of a demand and the inability of plaintiffs to recover for the Fund the allegedly excessive fees paid one year prior to the commencement of the present complaint. Such an outcome would frustrate the purposes of § 36(b).

Moreover, while we need not reach the issue in light of our holding that the demand requirement is excused as futile in this case, we are inclined to agree with plaintiffs that a demand on the directors of the Fund was not intended to be a prerequisite to suit under § 36(b). The language of § 36(b) itself provides little guidance on this question. As Judge Friendly has recently noted, " 'The language of subsection (b) is a lesson in the art of studied ambiguity in drafting of statutes,' " *Fogel v. Chestnutt,* 668 F.2d 100 at 112 (2d Cir. 1981), *quoting* Jennings & Marsh, *Securities Regulation: Cases and Materials,* at 1396–97 (4th ed. 1977). Although the literal terms of Rule 23.1 would include derivative suits under § 36(b), two important features distinguish the § 36(b) suit from ordinary derivative suits and suggest the inapplicability of the demand requirement. First, unlike the ordinary derivative suit, the directors here have no power to terminate the suit. While other provisions, such as § 13(a)(3) of the Act, 15 U.S.C. § 80a–13(a)(3), leave open the issue whether independent directors of an investment company may terminate a derivative suit, *see Burks v. Lasker,* 441 U.S. 471, 483–86, 99 S.Ct. 1831, 1839–41, 60 L.Ed.2d 404 (1979), § 36(b) "expressly" prevents "board action from cutting off derivative suits ... charging breach of fiduciary duty with respect to adviser fees." *Id.* at 484, 99 S.Ct. at 1840 (footnote omitted). Indeed, § 36(b) does not expressly authorize the investment company to bring suit; "[i]t thus appears that in enacting Section 36(b) Congress assumed that the directors of an investment company would be antagonistic toward, and unlikely to prosecute, an action against the Fund's advisers ..." *Boyko v. Reserve Fund, Inc.,* 68 F.R.D. 692, 694 (S.D.N.Y.1975).[2] Since the directors cannot prevent plaintiffs' suit nor does the statute provide directors the right to institute suit, the basis of the demand requirement in the ordinary derivative action, that "the complaining plaintiff should not be able to attempt to control corporate management without first requesting appropriate action by the directors ...", 3B Moore's Federal Practice ¶ 23.1.14[4], p. 23.1.39, does not appear to apply logically in the context of a § 36(b) suit.

---

2. Congress recognized the special relationship between the Adviser and the Fund that makes it difficult to assume a board's willingness to try to recoup adviser fees:

"[m]utual funds, with rare exception, are not operated by their own employees. Most funds are formed, sold, and managed by external organizations, [called 'investment advisers,'] that are separately owned and operated.... The advisers select the funds' investments and operate their business....

"Since a typical fund is organized by its investment adviser which provides it with almost all management services ..., a mutual fund cannot, as a practical matter, sever its relationship with the adviser. Therefore, the forces of arm's-length bargaining do not work in the mutual fund industry in the same manner as they do in other sectors of the American economy." S.Rep.No.91–184, p. 5 (1969).

Second, § 36(b) expressly limits recovery of excessive fees to fees paid up to one year prior to the commencement of suit. However, the demand requirement implies that the directors be given a reasonable time in which to investigate the matter and to determine if the complaints are meritorious. In light of the delay inherent in such a process, application of the demand requirement to § 36(b) suits would have the anomalous result of preventing full recovery of excessive fees paid to advisers while the directors considered whether they had acted against the interests of the shareholders in approving the fees in the first place. There is no reason to believe that Congress intended such an outcome.

In addition, in § 36(b) suits plaintiffs are always challenging fees which the board itself necessarily approved. Consequently, it is at least arguable that, given the practical realities of the situation, a demand on the directors to take action impugning their own earlier determination and implying a breach of their fiduciary duties is inherently futile and therefore that the demand requirement is inapplicable in § 36(b) suits. Furthermore, we find unpersuasive the proposition that a demand would not be futile because the directors may nevertheless negotiate with the adviser to satisfy the shareholders' complaints. To the extent that the directors agree with plaintiffs, nothing prevents them from taking such action even after a suit is commenced, and thereby mooting the claims. Given the fact that the directors necessarily approved the challenged fees, the possibility that they will completely satisfy shareholder objections through negotiation with the adviser is at best speculative and therefore should not form the basis for general application of the demand requirement in this context. *See Boyko v. Reserve Fund, Inc., supra.*

Accordingly, defendants' motion to dismiss the complaint is denied. Plaintiffs' motion to amend their complaint is granted.[3]

It is so ordered.

---

[3]. Defendants also contend that the complaint fails to satisfy Rule 23.1 because it does not allege contemporaneous ownership and is not verified. Plaintiffs' amended complaint satisfies these concerns.