**DRAGE, Appellant,**

**v.**

**PROCTER & GAMBLE et al., Appellees.**

[Cite as *Drage v. Procter & Gamble* (1997), 119 Ohio App.3d 19.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960227.

Decided March 26, 1997.

20

22

*Murray & Murray, John T. Murray* and *Patrick G. Warner,* for appellant.

*Dinsmore & Shohl, Thomas S. Calder, John D. Luken* and *Steven Benz,* for appellee Procter & Gamble.

*Graydon, Head & Ritchey, John B. Pinney* and *R.K. Wellington II,* for appellees Edwin L. Artzt, Gordon F. Brunner, Gerald V. Dirvin, Durk I. Jager, Harald Einsmann, John E. Pepper, Erik G. Nelson, Edwin H. Eaton, Jr., and Raymond Mains.

---

HILDEBRANDT, Judge.

This case comes before the court on appeal from dismissal pursuant to Civ.R. 12(B)(6) of the amended complaint of plaintiff-appellant Elaine Drage in the Hamilton County Court of Common Pleas. Defendants-appellees in this case are Procter & Gamble ("P&G") and six of its directors and three of its officers ("the defendant directors"): Edwin L. Artzt, Gordon F. Brunner, Gerald V. Dirvin, Durk I. Jager, Harald Einsmann, John E. Pepper, Erik G. Nelson, Edwin H. Eaton, Jr., and Raymond Mains.[1] Appellant filed a shareholder derivative action against P&G and the defendant directors alleging improprieties in certain investments in which P&G and the defendant directors engaged, which resulted in a large financial loss for P&G.

P&G and the defendant directors filed motions to dismiss pursuant to Civ.R. 12(B)(6), arguing that appellant had not properly pleaded all of the requirements of Civ.R. 23.1, governing shareholder derivative actions. Specifically, appellees argued that appellant had failed to allege with particularity any reason that would excuse a precomplaint demand on the remaining directors of P&G who had not been named as defendants and who were not alleged to have directly participated in the challenged transactions.

The lower court granted appellees' motions, and appellant timely appealed to this court.

## STANDARD OF REVIEW

In the review of an appeal of a dismissal for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6), the material allegations of the complaint are taken as admitted, and this court may not affirm a dismissal unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. The

---

1. The current or former directors are Artzt, Brunner, Dirvin, Jager, Einsmann, and Pepper. Each of them was also an officer of the corporation. Those who were officers only were Nelson, Eaton and Mains.

parties agree that whether demand is excused is a matter within the sound discretion of the court.

## APPELLANT'S ASSIGNMENT OF ERROR

The court below found that a demand on the six directors who are defendants in this action would have been futile, as they were alleged to have actively engaged in misconduct related to certain investments. That finding is not challenged on appeal. However, the court found that the appellant did not allege with particularity any reason that demand on the remaining thirteen directors of the corporation would have been futile.

Appellant advances only one assignment of error on appeal:

"The trial court erred, as a matter of law and to the prejudice of the plaintiff-appellant[,] in granting the defendant-appellees' motion to dismiss for failure to make a pre-suit demand on the directors."

Finding this assignment of error to be without merit, we affirm the judgment of the court below.

## INTRODUCTION

■ The directors of a corporation are charged with the responsibility of making decisions on behalf of the corporation and are the proper parties to bring a suit on behalf of the corporation or, in their business judgment, to forgo a lawsuit. R.C. 1701.59(A) states in part that "[e]xcept where the law, the articles, or the regulations require action to be authorized or taken by shareholders, all of the authority of a corporation shall be exercised by or under the direction of its directors."

■ Under Ohio law, it is presumed that any action taken by a director on behalf of the corporation is taken in good faith and for the benefit of the corporation. R.C. 1701.59(C)(1); *Abrahamson v. Waddell* (1992), 63 Ohio Misc.2d 270, 273, 624 N.E.2d 1118, 1120. The board of directors has the primary authority to file a lawsuit on behalf of the corporation. *Wadsworth v. Davis* (1862), 13 Ohio St. 123, 130–131. The shareholders may make a demand on the directors to bring a suit on behalf of the corporation, but no shareholder has an independent right to bring suit unless the board refuses to do so *and* that refusal is wrongful, fraudulent, or arbitrary, or is the result of bad faith or bias on the part of the directors. *Cooper v. Cent. Alloy Steel Corp.* (1931), 43 Ohio App. 455, 183 N.E. 439.

■ An exception to the general demand rule permits a shareholder to proceed with an independent suit without making a demand when the shareholder can demonstrate that the demand would have been futile.

Civ.R. 23.1 states:

"In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may be properly asserted by it, the complaint shall be verified and shall allege * * * with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to obtain the action or for not making the effort."

■ Futility means that the directors' minds are closed to argument and that they cannot properly exercise their business judgment in determining whether the suit should be filed. It is not enough to show that the directors simply disagree with a shareholder about filing a suit. See *Kamen v. Kemper Fin. Serv., Inc.* (C.A.7, 1991), 939 F.2d 458, 462; *Heineman v. Datapoint Corp.* (Del.1992), 611 A.2d 950.

"The bedrock of [corporate law] is the rule that the business and affairs of a corporation are managed by and under the direction of its board." *Pogostin v. Rice* (Del.1984), 480 A.2d 619, 624. As stated above, Ohio law endorses this principle of corporate law. R.C. 1701.59. All acts of a board of directors of an Ohio corporation are presumed to have been taken in good faith. R.C. 1701.59(C)(1); *Abrahamson v. Waddell* (1992), 63 Ohio Misc.2d 270, 273, 624 N.E.2d 1118, 1120.

■ Because of these fundamental precepts of corporate law, courts indulge the fiction (or presumption) that directors can make an unbiased, independent business judgment about whether it would be in the corporation's best interests to sue some or all of the other directors. Thus, courts have consistently rejected the idea that demand is always futile when the directors are targeted as the wrongdoers in the suit the shareholders wish the corporation to bring; that is, a bare allegation that the directors would not want to sue themselves or each other does not show that demand would be futile. See, *e.g., Aronson v. Lewis* (Del.1984), 473 A.2d 805, 818; *Lewis v. Graves* (C.A.2, 1983), 701 F.2d 245, 248–249; *Heit v. Baird* (C.A.1, 1977), 567 F.2d 1157, 1162; *Lewis v. Anselmi* (S.D.N.Y.1983), 564 F.Supp. 768, 772.

Courts have expressed concern that the acceptance of the argument that it is futile for a shareholder to request a board of directors to sue itself would "abrogate Rule 23.1 and weaken the managerial powers of directors." *Aronson v. Lewis, supra,* 473 A.2d at 818; *Pogostin, supra,* 480 A.2d at 624.

Proceeding, then, from this fiction (or presumption) that directors of a corporation can exercise independent, unbiased judgment when determining whether to sue themselves, courts require plaintiffs to show that this presumed independence does not exist. For instance, as discussed below, when *all* directors are named as wrongdoers/defendants in a suit, futility may exist. Likewise, self-dealing by the board members (where they gain directly from the challenged transactions) or the domination of the nondefendant directors by the defendant directors may show futility. In this case, appellant has pointed to no facts that would show futility as that term is used in the law of shareholder derivative actions.

## APPELLANT'S FIRST ARGUMENT IN SUPPORT OF FUTILITY

 Appellant first claims in her brief on appeal that demand is excused when the directors disagree with the contentions of the plaintiff prior to filing the lawsuit. The appellant failed to allege this disagreement with any particularity in the amended complaint. There is no indication in the amended complaint that appellant was ever aware of whether the directors disagreed with her contentions *prior* to the time the suit was filed.

 Appellant does allege in the amended complaint that the defendant directors' disagreement with her contentions is shown by the directors' refusal to file a claim under the directors' and officers' insurance policy to recover the loss allegedly occasioned by the directors' alleged wrongful acts. Appellant also claims that a lawsuit instituted against Bankers Trust, an entity involved in the investment transactions, by appellees shows that appellees disagreed with appellant's contention that the individual defendant directors were responsible to P&G for the losses.

The weight of authority establishes that the futility of demand must be determined by looking at the positions of the parties when the derivative suit is initially filed. After a suit is filed, the directors may take action in their defense that could be construed as contrary to the claims of the shareholders, but that might not have been taken if a suit had not been filed. See *Shields on Behalf of Sundstrand Corp. v. Erickson* (N.D.Ill.1989), 710 F.Supp. 686; *Seidel v. Pub. Serv. Co.* (D.N.H.1985), 616 F.Supp. 1342; *Blasband v. Rales* (C.A.3, 1992), 971 F.2d 1034; *Kamen v. Kemper* (C.A.7, 1991), 939 F.2d 458; *In re Storage Technology Corp. Securities Litigation* (D.Colo.1992), 804 F.Supp. 1368.

Both of the events referred to by appellant in her first argument occurred *after* appellant had filed her lawsuit and neither is relevant to the issue of futility.

In some cases, special considerations not at issue here led courts to analyze postcomplaint conduct in determining futility. For instance, in *Blatt v. Dean Witter Reynolds InterCapital, Inc.* (S.D.N.Y.1982), 528 F.Supp. 1152, 1155, the

court found that at the time of the motion to dismiss for failure to make a demand, demand would obviously have been futile even if it had been made earlier. The court stressed that dismissal would result in the empty gesture of a demand and the inability of the plaintiffs, because of statute-of-limitations problems, to recover for the corporation. See, also, *Meltzer v. Atlantic Research Corp.* (C.A.4, 1964), 330 F.2d 946 (all directors named in suit and plaintiff alleged that majority of directors and corporation were dominated by two other directors; acts occurring after suit filed only confirmed directors' animosity); *Jordon v. Bowman Apple Prods. Corp.* (W.D.Va.1990), 728 F.Supp. 409 (derivative suit against closely held corporation in which president, seventy-five-percent shareholder, dominated board of directors; after suit, all shareholders and corporation opposed suit).

The facts of this case, however, present no circumstances that would justify looking at postcomplaint actions. Appellant did not allege in her complaint that dismissal of the suit would preclude recovery for the corporation or that, as in *Jordon* and *Meltzer*, acts showing the directors' animosity toward appellant's claims were apparent before the lawsuit and confirmed by postlawsuit acts.

Thus, the trial court did not err in declining to consider acts that occurred *after* the filing of the lawsuit to determine whether a *precomplaint* demand would have been futile. The fact that P&G subsequently filed a lawsuit that alleged claims in conflict with those of the appellant is not relevant to the question of precomplaint futility.

### APPELLANT'S SECOND ARGUMENT IN SUPPORT OF FUTILITY

Appellant next claims that the existence of a directors' and officers' insurance policy makes demand futile. Appellant cites cases in which directors' insurance policies specifically or in effect *prohibited* a director from filing suit against any other director. See *First Am. Bank & Trust v. Frogel* (S.D.Fla. 1989), 726 F.Supp. 1292; *Grill v. Hoblitzell* (D.Md.1991), 771 F.Supp. 709; *Seinfeld v. Bays* (1992), 230 Ill.App.3d 412, 172 Ill.Dec. 6, 595 N.E.2d 69. Certainly, a provision prohibiting directors from bringing suits against each other would deprive the directors "of the ability to exercise independent judgment as to the advisability of instituting action against any officer or director for mismanagement, and thereby [divest them] of the power to govern this aspect of the corporation's affairs." *Grill, supra,* 771 F.Supp. at 713.

In this case, however, appellant alleged in her amended complaint that "[d]emand is futile since all P&G board members * * * are insureds under the directors' and officers' insurance policies and coverage as to them *may be adversely impacted* by pursuit of claims under the policy." (Emphasis added.) An allegation that coverage *may be* adversely affected falls far short of the

allegations in the cases cited by appellant wherein the directors were *prohibited* from bringing suit against other directors.

The appellant failed to plead with the required particularity any reason that the existence of insurance coverage excuses demand.

## APPELLANT'S THIRD ARGUMENT IN SUPPORT OF FUTILITY

■ Appellant further claims in her brief on appeal that demand is excused when a majority of directors knowingly or negligently tolerates the wrongdoing of directors who directly participate in the challenged action. In her brief on appeal, appellant argues:

"Where the allegations in the shareholders' complaint establish that the board of directors was dominated and 'took an active role in the wrongful acts which formed the basis of the shareholders' complaint,' a demand upon the board would be a futile act and is therefore excused."

While not taking exception to the general proposition advanced by appellant, we are compelled to point out that in her amended complaint, appellant never alleged, particularly or generally, that the nondefendant directors were dominated or took an active role in the wrongdoing alleged. A thorough review of the allegations in the amended complaint shows that appellant accused the nondefendant directors not of active involvement but of inaction: acquiescence in and tolerance of the other directors' conduct. There is also no claim that the defendant directors dominated the other board members. Thus, we address only appellant's argument that the nondefendant directors' inaction and acquiescence excused the precomplaint demand.

The cases cited by appellant and appellees state that acquiescence, without more, by directors not directly involved in the challenged transactions does not excuse demand. In *Meltzer, supra,* the corporation had only five directors. All five were named defendants in the lawsuit. The plaintiff further alleged that the two "malfeasants" together owned almost forty percent of the stock in the company and dominated the corporation and the other directors. *Id.,* 330 F.2d at 947.

Similarly, in *Zilker v. Klein* (N.D.Ill.1981), 510 F.Supp. 1070, 1072, the plaintiff defended his failure to make a demand on the corporation "for the reason that all but one of the present directors of [the corporation] are named as defendants herein, are controlled by defendant O'Donnell as hereinbefore alleged, and are responsible for the acts, transactions and delinquencies herein complained of."

There are no allegations here that the defendant directors somehow dominated the corporation or the other nondefendant directors, and appellant has named only six of the nineteen board members as defendants. Thus, twice as many

directors were available to consider the demand to file suit as were alleged to have actively injured the corporation, so that demand cannot be said to be futile. See *In re Kauffman Mut. Fund Actions* (C.A.1, 1973), 479 F.2d 257, 263 (where disinterested majority existed, demand not excused). The mere "supine acquiescence" of the nondefendant directors, even if true, would not excuse demand upon them. See *In re Gen. Tire & Rubber Co. Securities Litigation* (C.A.6, 1984), 726 F.2d 1075, 1081, quoting *Roderick v. Canton Hog Ranch Co.* (1933), 46 Ohio App. 475, 189 N.E. 669.

Likewise, in *Leff v. CIP Corp.* (S.D.Ohio 1982), 540 F.Supp. 857, cited by appellant, the court found that *all* of the directors were defendants in the case and participated in the unlawful acts alleged. *Id.* at 868. The plaintiffs in that case also alleged that they had unsuccessfully requested the company to bring an action against two of the directors. *Id.* As for *Polikoff v. Adam* (Mar. 10, 1992) Cuyahoga C.P. Nos. 214396 and 215324, unreported, appeal dismissed (Apr. 8, 1992), Cuyahoga App. Nos. 63513, 63514, 63515 and 63516, unreported, dismissal of appeal affirmed (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, the common pleas court's decision denying defendant's motion to dismiss for lack of demand contains absolutely no reasoning supporting the excuse of demand and is of no use in determining futility in this case.

Even accepting all factual allegations as true, we do not read appellant's amended complaint as alleging self-dealing on the part of the nondefendant directors, that is, that any of them personally benefited from the challenged transactions themselves. Appellant did not claim that the directors were not disinterested or that the directors appeared on "both sides of the transaction." See *Koos v. Cent. Ohio Cellular Inc.* (1994), 94 Ohio App.3d 579, 590, 641 N.E.2d 265, 272. Appellant alleges only that the directors received bonuses as part of their compensation, which was at best tangentially related to the investments.

The alleged approval of the nondefendant directors is not enough to meet appellant's burden. See *Lewis v. Graves* (C.A.2, 1983), 701 F.2d 245 (absent specific allegations of self-dealing or bias, approval and acquiescence not enough to excuse demand); *Lewis on Behalf of Natl. Semiconductor Corp. v. Sporck* (N.D.Cal.1985), 612 F.Supp. 1316 (without allegation of self-dealing, claims that directors engaged in misconduct are not enough to show futility).

The allegations in appellant's amended complaint of the nondefendant directors' acquiescence, even if true, do not state with particularity a reason that demand upon the nondefendant directors would be futile.

### APPELLANT'S FOURTH ARGUMENT IN SUPPORT OF FUTILITY

Appellant next argues that demand on the board of directors is futile when the directors fail to exercise proper business judgment in the challenged

transactions. In support of this claim, appellant cites two cases analyzing Delaware law: *Grobow v. Perot* (Del.1988), 539 A.2d 180, and *Gries Sports Enterprises, Inc. v. Cleveland Browns Football Co.* (1986), 26 Ohio St.3d 15, 26 OBR 12, 496 N.E.2d 959. Under Delaware law, demand upon the directors of a corporation is excused when the plaintiff's claims raise a reasonable doubt as to "whether the directors exercised proper business judgment in approving the challenged transactions." *Grobow, supra,* at 186.

Ohio has not expressly adopted the test used by the Delaware courts in determining whether demand is excused based on allegations that the directors failed to exercise proper business judgment. However, even if Ohio recognized such a rule, appellant's amended complaint failed to state with particularity this reason for excuse of demand. In her brief on appeal, appellant states, "The non-defendant directors failed to inform themselves prior to authorizing the wide-open investment policy * * * and ignored Appellant's request that P&G seek recovery pursuant to its insurance policies."

However, the amended complaint does not allege that the directors were uninformed of anything whatsoever when they approved the investment plan. As stated earlier in this opinion, the fact that P&G ignored appellant's request to file a claim under the officers' and directors' insurance policy is irrelevant to the issue of futility of demand.

Even in *Grobow, supra,* relied upon by appellant, the court stated that "[a]pproval of a transaction by a majority of independent, disinterested directors almost always bolsters a presumption that the business judgment rule attaches to the transactions approved by a board of directors that are later attacked on grounds of lack of due care." *Grobow, supra,* 539 A.2d at 190. Where, as here, appellant does not claim that the nondefendant directors were engaged in self-dealing or dominated by the defendant directors, the approval by the nondefendant directors defeats rather than supports appellant's claim that appellees did not exercise proper business judgment and that demand should therefore be excused.

### APPELLANT'S FIFTH ARGUMENT IN SUPPORT OF FUTILITY

■ Appellant claims that demand is excused in this case for the additional reason that "the directors of P&G permitted the release of misleading information concerning the nature of the [investment transactions]." Case law does not support appellant's claim. In the case cited by appellant, *Fradkin v. Ernst* (N.D.Ohio 1983), 571 F.Supp. 829, the court did not base its decision that demand was futile on the allegation that the defendant directors issued a misleading proxy statement. In the *footnote* in which the court addressed the issue of futility, the proxy statement was never even mentioned. Rather, the court

referred to the fact that all of the directors of the corporation were named defendants and all were alleged to have committed the violations complained of, including creating fictitious records of meetings that never occurred.

Appellant alleges that the defendant directors of P&G released information in a Form 10–K identifying allegedly aggressive and speculative swap transactions as conservative investments aimed at minimizing exposure to and risk from exchange and interest rate fluctuations. Appellant does not allege that the nondefendant directors signed the Form 10–K, filed with the Securities and Exchange Commission ("SEC"); therefore, this allegation suffers from the same defect identified in the previous arguments and by the trial court: it does not excuse demand on the nondefendant directors.

Further, appellant does not allege, as the plaintiff did in *Fradkin, supra,* 571 F.Supp. 829, that the statement was false when it was filed. Appellant claims only that after the form was filed with the SEC, the directors did not ensure that the swap transactions minimized the company's exposure to interest rate fluctuations. Once again, appellant attempts to bootstrap the allegations of wrongdoing by the defendant directors to establish futility. We have already rejected this argument.

## APPELLANT'S SIXTH ARGUMENT IN SUPPORT OF FUTILITY

Appellant claims that the fact that appellees refused demands by other shareholders to institute suit excuses demand in her case. Under Ohio law, a shareholder is generally required to make a demand upon the board of directors to institute suit on behalf of the corporation in the first instance. The demand rule is designed to promote the resolution of disputes within the corporation without interference from the courts or a minority of dissatisfied shareholders. See, generally, *Grand Council of Ohio v. Owens* (1993), 86 Ohio App.3d 215, 221, 620 N.E.2d 234, 238–239; *Lewis v. Graves, supra,* 701 F.2d at 247; *Kamen, supra,* 939 F.2d at 462.

The board is not, however, required to institute litigation upon demand; rather, the board is permitted to exercise its independent business judgment and determine whether the requested action would be in the corporation's best interest. Before proceeding with a derivative suit, the shareholder is required to show that the refusal of the board to institute litigation is unreasonable, wrongful, fraudulent, or arbitrary. See *Cooper, supra,* 43 Ohio App. at 460, 183 N.E. at 441. The decision of the board cannot be challenged in court when the decision is unbiased and made in good faith. See *In re Gen. Tire & Rubber Co., supra,* 726 F.2d at 1080, citing *Rice v. Wheeling Dollar Sav. & Trust Co.* (C.P. 1954), 71 Ohio Law Abs. 205, 130 N.E.2d 442.

In this case, appellant claims that another shareholder made a demand on the board to institute suit and that the board took no action on the request, indicating that the board rejected the demand. To bring a derivative suit, that shareholder would first be required to show that the board's rejection was unreasonable, wrongful, fraudulent, or arbitrary before the court could address the merits of the allegations. See *Cooper, supra.* What appellant here would do is benefit from the earlier demand by claiming that it shows futility of demand without having to assume the burden of showing that the earlier decision not to institute suit was wrongful or unreasonable.

The underlying rationale for the demand rule precludes one shareholder from using the rejection of a demand by another shareholder to prove futility of demand. Otherwise, one shareholder could make demand upon the corporation, receive no response or receive a rejection, and another shareholder could file suit, claiming futility of demand, without *either* shareholder being required to show that the first denial was wrongful or that the directors could not exercise independent judgment regarding the institution of litigation. Such a result is contrary to the entrenched corporate-law principle that the directors have the right to govern the corporation, including deciding when the corporation should institute litigation against its own directors, unless the directors are proven to be incapable of exercising their business judgment to determine the corporation's best interest.

For the foregoing reasons, appellant's sixth argument is rejected.

### APPELLANT'S SEVENTH ARGUMENT IN SUPPORT OF FUTILITY

Finally, appellant argues that the court should look at the totality of the circumstances in determining whether demand should be excused. This argument was neither advanced below nor raised in the complaint, and it will not be addressed now. See *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 617 N.E.2d 1075.

### CONCLUSION

Appellant's sole assignment of error has no merit and is overruled. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*

Doan, P.J., and Painter, J., concur.