[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
The appellants, Devin and Janis McCarthy, and Harry and Laurie Strunk, appeal from the trial court's denial of their motion for summary judgment and its entry of summary judgment in favor of appellees Hannibal Land Company and Kenneth P. Kreider, Trustee. While the four appellants jointly moved for summary judgment below, Devin and Janis McCarthy have filed a brief on appeal separately from that filed by Harry and Laurie Strunk.
Appellants were the owners of two of six lots in the Morton's Meadow subdivision. In their complaint, they claimed that the developer exceeded its authority when it made an amendment to the subdivision's declaration of covenants and restrictions. They further claimed that the developer's president and various agents had represented to them both orally and in writing that the developer would do nothing to alter the residential character of the subdivision.
The amendment to the declaration permitted the construction and operation of a church in the subdivision, which, appellants claimed, was contrary to the express representations of the developer's president. Claiming that the operation of a church would violate the residential character of the subdivision, appellants sought a declaratory judgment to set aside the amendment, along with other relief.
The trial court rejected appellants' claims that the developer could not amend the declaration, and that they could bring an action based upon oral representations made before the declaration was executed. Basing its decision on the statute of frauds and on the doctrine of merger, the trial court held that the clear and unambiguous language of the original declaration permitted the amendment and entered summary judgment on behalf of appellees.
A court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. See Civ.R. 56(B); see, e.g., Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Where there are no disputed issues, summary judgment is properly granted to avoid a formal trial; but the trial court may only grant summary judgment after construing the evidence in favor of the nonmoving party. See Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2, 433 N.E.2d 615, 616; Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267,274. An appellate court reviews the record de novo to determine whether summary judgment is appropriate. See id.; Wille v. Hunkar Laboratories,Inc. (1998), 132 Ohio App.3d 92, 724 N.E.2d 492.
The McCarthys' sole assignment of error challenges the trial court's ruling that the statute of frauds was controlling. The McCarthys claim that the statute did not apply because their action was one in fraud seeking damages and injunctive relief, and was not one to compel an interest in real property. We disagree.
This court has previously held that the statute of frauds controlled where a landowner claimed to have relied upon a developer's verbal representation that a green space would remain undeveloped, concluding that the dispute involved a "pure real estate transaction." See Rose v.Zaring Homes, Inc. (1997), 122 Ohio App.3d 739, 748-749, 702 N.E.2d 952,958. We hold that the trial court did not err in ruling that the statute of frauds controlled in this case, because an interest concerning land was at issue. See R.C. 1335.04 and 1335.05.
The McCarthys next claim that the promises made to them should be enforced under the doctrine of promissory estoppel. The doctrine of promissory estoppel is an exception that may be used to preclude a statute-of-frauds defense, but Ohio courts presently limit its use in real estate disputes to those cases involving either a misrepresentation that the statute's requirements have been met or a promise to make a memorandum of an agreement. See McCarthy, Lebit, Crystal Haiman Co.,L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, 620,622 N.E.2d 1093, 1102; Beaverpark Assoc. v. Larry Stein Realty Co. (Aug. 30, 1995), Montgomery App. No. 14950, unreported. The record is devoid of facts that would support invocation of the doctrine of promissory estoppel.
The McCarthys' remaining challenges against a statute-of-frauds defense need not be addressed, as these arguments were not advanced below and have, accordingly, been waived for appeal. See Drage v. Procter Gamble
(1997), 119 Ohio App.3d 19, 32, 694 N.E.2d 479, 487, citing BelvedereCondominium Unit Owners' Assn. v. R.E. Roark Cos., Inc. (1993),67 Ohio St.3d 274, 617 N.E.2d 1075. Although the appellants did not assert a claim for the intentional tort of fraudulent misrepresentation or fraudulent inducement in their original complaint or in any subsequent pleadings, we recognize that fraudulent inducement may exist when, at the time one executes a written contract, he harbors an intent not to perform. See Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 30-31,734 N.E.2d 782, 791. "But, a fraudulent inducement case is not made out simply by alleging that a statement or agreement made prior to the contract is different from that which appears in the written contract."Id. at 29; 734 N.E.2d at 790 (citation omitted).
Section 6.2, paragraph one, of the declaration reads, "Before the end of the Development Period, and except as otherwise provided in this Declaration, any provision of this Declaration may be amended or terminated in whole or in part by a recorded instrument executed by Developer and approved by Developer and the Owners of at least 66-2/3% of all Lots * * *." Section 3.1.1 reads, "Except as otherwise provided in this Declaration, no Lot shall be used for other than residential uses * * *." As the trial court correctly noted, the declaration permits, under Section 6.2, paragraph one, any provision of the declaration to be amended or terminated in whole or in part when the required percentage of lot owners is met. This power to amend any provision is unfettered. Therefore, we hold that the trial court properly ruled that the clear and unambiguous language of the declaration allowed the developer to amend the declaration as it did.
The McCarthys' single assignment of error is overruled.
It is well settled that when a deed is delivered and accepted without qualification pursuant to a real-estate purchase contract, the contract is merged into the deed, and no cause of action upon the prior agreement exists. See Fuller v. Drenberg (1965), 3 Ohio St.2d 109, 111,209 N.E.2d 417, 419; Schurenberg v. Butler Cty. Bd. of Elections (1992),78 Ohio App.3d 773, 778, 605 N.E.2d 1330, 1333. The Strunks in their two assignments of error argue that two exceptions to the doctrine of merger should have been applied in this case to defeat the application of the doctrine. But, because the Strunks failed to raise these arguments below, we decline to address them here. See Drag, supra. They also argue that the trial court erred when it decided that the language of the declaration permitted the developer to amend the declaration as it did. We have already held that the trial court did not err in this regard. Thus, we overrule the Strunks' two assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.