**FLAREY, Appellant,**

v.

**YOUNGSTOWN OSTEOPATHIC HOSPITAL, Appellee, et al.**

[Cite as *Flarey v. Youngstown Osteopathic Hosp.*, 151 Ohio App.3d 92, 2002-Ohio-6899.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 01 CA 53.

Decided Dec. 9, 2002.

Zuzulo, Zuzulo & Zuzulo, Ralph A. Zuzulo Sr. and Ralph A. Zuzulo Jr., for appellant.

Comstock, Springer & Wilson and David C. Comstock, for appellee.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-appellant, Dominick Flarey, appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment for defendant-appellee, Board of Trustees of the Youngstown Osteopathic Hospital. We are asked to decide whether a nonprofit corporation's board of directors is an entity distinct from the corporation that is capable of being sued. We conclude that a nonprofit corporation's board of directors is not an entity capable of being sued in its own name. Thus, we affirm the trial court's decision.

{¶ 2}  Flarey filed a complaint claiming that the Youngstown Osteopathic Hospital Association ("YOHA") and the board breached a contract with him, that the breach was in violation of Ohio's Whistleblower Statute, and that his discharge from employment was contrary to YOHA's past practice and policy. The matter proceeded through discovery until YOHA filed a voluntary petition for bankruptcy relief under Chapter 11, Title 11 of the United States Code. This matter was stayed pending the bankruptcy proceedings.  Flarey eventually filed a motion for relief from that stay in bankruptcy court, and the parties entered into an agreed order for relief from stay.

{¶ 3}  Subsequently, the board, but not YOHA, moved for summary judgment, claiming that it was not a legal entity that could be sued and that even if it could be sued, it was immune from suit pursuant to R.C. 1702.55(A).  Flarey filed a brief in response to that motion.  In its judgment entry, the trial court granted summary judgment to the board, finding that under the law the board is not a separate legal entity from YOHA and that no claim had been made against any individually named trustee.

{¶ 4}  We affirm the trial court's decision because a nonprofit corporation's board of directors is not an entity, separate from the corporation, that is capable of being sued.  It cannot own property or sue in its own name.  It is made up of individuals who can be held liable for corporate torts in their individual capacities only if they participated in the tortious conduct.  It cannot be indemnified by the corporation if it is sued because of the acts of the corporation.  The law does not consider the body known as a corporation's board of directors to be its own corporate entity.  Therefore, the trial court's decision granting judgment for the board is correct.  If Flarey had wanted to recover from the members of the board, he should have sued the members of the board in their individual capacities.

{¶ 5}  Flarey's three assignments of error deal with the same issues of law and fact and will be addressed together.  They argue as follows:

{¶ 6}  "The trial judge erred in ruling that the Board of Trustees is not a collective legal entity capable of being sued."

{¶ 7}  "The trial judge errored [sic] in failing to consider R.C. 4113.52 (the Whistle Blower's Act) in determination of summary judgment."

{¶ 8}  "The trial judge failed to consider the Board of Trustees as and for the alter ego of Youngstown Osteopathic Hospital."

{¶ 9}  In each of his assignments of error, Flarey argues that the trial court erred in granting summary judgment to the board.  When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same

standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ.R. 56, summary judgment is proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.

{¶ 10} The trial court granted summary judgment to the board because it found that the board was not a separate entity from YOHA. According to Flarey, this is wrong for a variety of reasons. He first argues that the board hired him, that he was working under the direction of the board, and that his contract was breached by board action. He then argues that R.C. 1702.12 implicitly recognizes that the board may be sued. Finally, he argues that the board maintained insurance to protect itself as an entity against liability for collective action and that this shows it is an entity capable of being sued.

{¶ 11} Flarey's belief that the board is a separate entity capable of being sued is a misconception of what a board of directors is and how it functions within the corporate structure. A board of directors is incapable of owning property and cannot sue in its own name. Instead, a board of directors is the collection of individuals with the ultimate responsibility of making decisions on behalf of the corporation. *Drage v. Procter & Gamble* (1997), 119 Ohio App.3d 19, 24, 694 N.E.2d 479. For instance, even though a corporate president has the actual implied authority to bind the corporation in ordinary business transactions by virtue of the office, it has long been the law in Ohio that certain decisions, such as whether a lawsuit should be filed on behalf of the corporation, are primarily made by the corporation's board of directors. *Wadsworth v. Davis* (1862), 13 Ohio St. 123, 130–31, 1862 WL 1; *Drage,* 119 Ohio App.3d at 24, 694 N.E.2d 479. Fundamentally, a corporation may act only through the acts of its agents, such as its directors, officers, or employees, but due to the nature of the body that is a board of directors, any action of the board of directors is an action of the corporation. *Drage*; *Malone v. Courtyard by Marriott L.P.* (1994), 95 Ohio App.3d 74, 89, 641 N.E.2d 1159, reversed on other grounds in *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 659 N.E.2d 1242.

■ {¶ 12} Although the board of directors is the body with the ultimate responsibility of making decisions on behalf of the corporation, that does not necessarily mean that the individual members of the board are liable for corporate torts merely by reason of their relation to the corporation. *Young v. Featherstone Motors* (1954), 97 Ohio App. 158, 171–172, 55 O.O. 405, 124 N.E.2d 158. A director is responsible for corporate torts only if he or she participates in the tortious conduct. Id; 12 Ohio Jurisprudence 3d (1995) 162–163, Section 540. Thus, some directors may be individually liable for the corporation's tortious conduct while others are not liable for that same tortious conduct. In other words, a director's liability for any particular corporate action must be determined on an individual rather than a collective basis.

{¶ 13} As a practical matter, it would be nonsensical to hold a board of directors liable as a collective entity. A board of directors may not own property in its own name. Thus, any judgment against it could not be recovered from the collective group. Furthermore, a judgment against the collective entity cannot apply to the individual, as the individuals are liable only if they participated in the tortious conduct. Thus, such a suit would be, for all practical purposes, pointless.

{¶ 14} Because directors may be named parties to a suit as individuals merely due to their official capacity as directors of the corporation, R.C. 1702.12(E)(1) allows the corporation to "indemnify or agree to indemnify any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed civil, criminal, administrative, or investigative action, suit, or proceeding, * * * by reason of the fact that the person is or was a director * * * of the corporation * * *, against expenses, including attorney's fees, judgments, fines, and amounts paid in settlement actually and reasonably incurred by the person in connection with such action, suit, or proceeding, if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, if the person had no reasonable cause to believe the person's conduct was unlawful."

{¶ 15} R.C. 1702.12(E)(2) through (9) specifies other times when a corporation may indemnify a director, sets limitations upon the corporation's ability to indemnify, and explains for what expenses a corporation can indemnify a director. As can be seen, the indemnification provisions within R.C. 1702.12(E) all refer to the indemnification of a director, not a board of directors. This is because, as discussed above, a director's potential liability must be determined on an individual basis.

{¶ 16} Flarey's argument presumes the board is some sort of corporate entity within a corporation. However, as discussed above, a board of directors cannot own property or sue in its own capacity. The members of the board are liable in

their individual, but not their collective, capacity. Finally, the fact that the board is not a separate entity capable of being sued is demonstrated by the fact that corporations can indemnify individual members of its board of directors, but not the board of directors as a whole. A board of directors is not a separate entity or an alter ego of the corporation. Instead, it is an integral part of the corporation.

{¶ 17} Because the board is not an entity capable of being sued, it is irrelevant whether the board's actions violated Ohio's Whistleblower's Statute. Likewise, it is of no legal significance when determining whether the board is capable of being sued that it purchased insurance to protect itself from suit. As events have shown, it may be possible that a potential plaintiff might name the board as a defendant in a lawsuit, even though the board cannot be held liable as an entity. The board's choice to manage this particular risk by purchasing insurance does not mean that potential plaintiff now has the legal right or ability to sue the board.

{¶ 18} When someone thinks he has been wronged by a corporation and that the board of directors may be individually liable for that tortious conduct, there will be times when that person will not have a clear idea of exactly what each member of the board knew or could have known about that tortious conduct. Accordingly, it would behoove that person to name each member of the board of directors individually in his capacity as a member of the board until the course of the case shows which directors are or are not liable.

{¶ 19} In this case, Flarey did not join the individual board members as defendants in their individual capacities. Rather, he joined as defendants YOHA and the board of trustees as a collective entity. This was a redundancy at best.

{¶ 20} For the foregoing reasons, we conclude that a nonprofit corporation's board of directors as an entity is not capable of being sued. Thus, Flarey's assignments of error are meritless, and the decision of the trial court is affirmed.

Judgment affirmed.

VUKOVICH, P.J., and GENE DONOFRIO, J., concur.