OPINION
{¶ 1} Plaintiffs-Appellants, Phillip W. Speigel, Stephen R. Spiegel, and Linda J. Spiegel (hereinafter jointly referred to as "Appellants"), appeal from a judgment of the Marysville Municipal Court, granting Defendants'-Appellees', Sylvia A. Westafer and Michael W. Combs (hereinafter jointly referred to as "Appellees"), motion to dismiss under Civ.R. 12(B). On appeal, Appellants contend that the Appellees were absconding and/or concealing their whereabouts and, therefore, the trial court erred in dismissing their complaint, because R.C. 2305.15 tolled the statute of limitations under R.C. 2305.10. Finding that Appellants did not properly obtain service upon Appellees within the one-year time limitation to commence an action under Civ.R. 3(A), we affirm the judgment of the trial court.
 {¶ 2} On November 19, 2000, Phillip was driving a pickup truck in Union County with his cousin, Stephen, as a passenger in the truck. The truck was titled under the name of Phillip's mother, Linda.
 {¶ 3} Combs was driving a vehicle owned by Westafer, who was riding as a passenger in her automobile at the time. Combs went left of center and collided with the pickup truck, causing physical injury to both Phillip and Stephen. Combs was later convicted for driving while under the influence at the time of the collision.
 {¶ 4} On November 18, 2002, the Appellants filed a complaint to recover damages arising from the traffic accident. At the time of the accident, Appellees listed their address as being in Wabash, Indiana. The trial court issued summons to Appellees' address in Wabash, Indiana, by certified mail, return receipt requested. The certified mail was returned "unclaimed." Regular U.S. mail service was then attempted, which was returned "attempted not known." Later, the trial court informed Appellants that their case would be dismissed unless further action was taken. Since Appellants were unable to find an address for Appellees, the case was dismissed, without prejudice, on November 10, 2003.
 {¶ 5} On November 18, 2003, Appellants re-filed their suit in the instant case alleging the same matters in the prior case. Appellants' complaint in the instant case stated that Appellants believe that the Appellees were concealing their whereabouts. Appellants attempted service on the Appellees, which was returned "attempted not known." Later in November 2004, Appellants obtained a new address for Appellees and requested summons by certified mail. Service was completed on December 3, 2004.
 {¶ 6} After service was completed, Appellees entered their appearance through counsel and moved for dismissal for the reasons that there was insufficient process, insufficient service of process, and that the complaint failed to state a claim upon which relief could be granted. Civ.R. 12(B)(4), (5), and (6). Further, in their motion to dismiss, Appellees stated that Appellants failed to commence the action in a timely manner and that the applicable statute of limitations barred Appellants' claims against them. Appellants responded to the Appellees' motion arguing that the statute of limitations had not passed, since the statute of limitations time had been tolled by R.C. 2305.15 due to the Appellees' acts of concealing themselves from service.
 {¶ 7} On May 16, 2005, the trial court granted Appellees' motion to dismiss under Civ.R. 12(B). It is from this judgment that Appellants now appeal, presenting the following assignment of error for our review:
 Assignment of Error No. I THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT UPON THE BASIS OF THESTATUTE OF LIMITATIONS, BECAUSE THE STATUTE OF LIMITATIONS WAS TOLLED BYTHE OPERATION OF OHIO REVISED CODE 2305.15.
 Assignment of Error No. I {¶ 8} In their sole assignment of error, Appellants argue that the trial court erred in granting Appellees' motion to dismiss under Civ. R. 12(B)(6). Specifically, Appellants argue that Appellees are not entitled to raise the statute of limitations defense because Appellees absconded and/or kept their whereabouts concealed.[1] As a result, Appellants argue that under R.C. 2305.15, Appellees absconding and/or concealment tolls the operation of the statute of limitations. We disagree.
 {¶ 9} In Saunders v. Choi, the Ohio Supreme Court held "[t]he tolling provisions of R.C. 2305.15 are expressly inapplicable to an action brought under R.C. 2305.19, and cannot be used to extend the one-year time limitation within which to commence an action under Civ. R. 3(A)."12 Ohio St.3d 247, syllabus.
 {¶ 10} We also note that if Appellees were actually concealing their whereabouts, Appellants could have deferred filing their complaint indefinitely as long as the Appellees were concealing their whereabouts under R.C. 2305.15. However, when R.C. 2305.15 is combined with the requirements under Civ.R. 3(A) an anomalous effect is created, which Judge Brown discussed in his dissenting opinion in Saunders. Judge Brown stated, "Today's decision has the anomalous effect that a plaintiff may defer filing (sic.) of his complaint indefinitely while the defendant is absent from the state under R.C. 2305.15, but if he files during such time, service must nevertheless be obtained within one year under Civ.R. 3(A)." 12 Ohio St.3d at 251 (Brown, J., dissenting).
 {¶ 11} Therefore, following the Ohio Supreme Court precedent, since Appellants filed their complaint on November 18, 2003, R.C. 2305.15 does not toll the requirement under Civ.R. 3(A) that requires service to be obtained within one year of filing the complaint. Therefore, we must affirm the trial court.
 {¶ 12} The determination of sufficient of service of process is a matter in its sound discretion. Michigan Millers Mut. Ins. Co. v.Christian (2003), 153 Ohio App.3d 299, 305, 2003-Ohio-2455, at ¶ 9, citing Bell v. Midwestern Educational Serv., Inc. (1993)89 Ohio App.3d 193, 203. Therefore we will review the trial court's dismissal under Civ.R. 12(B)(5) for insufficient service of process under an abuse of discretion standard. An abuse of discretion occurs when the trial court renders a decision that is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In the case subjudice, Appellants re-filed their complaint for damages on November 18, 2003. Under Civ.R. 3(A), in order to commence the civil action for damages, Appellants are required to obtain service upon the Appellees within one year of filing the complaint. And, if they failed to do so, the action may be dismissed. See Maryhew v. Yova
(1984), 11 Ohio St.3d 154, 157 ("An action may be dismissed when service of process has not been obtained after the passage of more than one year.")
 {¶ 14} Upon review of the record, we note that in December of 2003, Appellants attempted service upon Appellees, but the attempt was unsuccessful. Then on December 1, 2004, Appellants filed a precipe to issue summons upon Appellees at an alternative address. On December 3, 2004, service was completed on Appellees. Since service was not obtained upon Appellees within one year, we cannot find that the trial court abused its discretion in granting Appellees' motion to dismiss pursuant to Civ.R. 12(B)(5) and we therefore overrule Appellants' first and only assignment of error.
 {¶ 15} Since we hold that the trial court properly granted Appellees' motion to dismiss under Civ.R. 12(B)(5), we will not consider whether the trial court properly granted Appellees' motion to dismiss under Civ.R. 12(B)(4) and 12(B)(6).
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.
[1] We note that Appellants in their complaint only assert that Appellees kept their whereabouts concealed. This is the first time that Appellants attempt to argue that Appellees absconded. It is axiomatic that a defendant may not bring up an issue for the first time on appeal. SeeShover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 219, overruled on other grounds by Collins v. Sotka (1998), 81 Ohio St.3d 506. Thus, because Appellants did not address in their complaint that Appellees absconded, they are precluded from asserting it on appeal.