OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jimmie Lewis and Patricia Lewis, filed October 27, 2006. On August 10, 2005, the Lewises filed a complaint for personal injuries against Jessica Buxton, Patty Clark and Progressive Insurance Company *Page 2 
following a car accident in Beavercreek, Ohio, in which Buxton's and Clark's vehicles struck the vehicle of Jimmie Lewis, injuring him. On February 14, 2006, the matter was dismissed without prejudice. On March 2, 2006, the Lewises filed a "Motion to Reinstate; Motion to Vacate Entry Dated February 14, 2006." On March 3, 2006, the trial court issued an Order and Entry Vacating Administrative Order Dated February 14, 2006, restoring the matter to the active docket. On March 14, 2006, a summons on the complaint was issued via certified mail to the defendants at their respective addresses. The docket indicates that service was unsuccessful. On June 22, 2006, the Lewises filed an Affidavit and Notice for Service by Publication, since the Lewises could not locate the defendant, and the court ordered that the defendants be served through publication. On August 8, 2006, Proof of Publication was filed with the court.
 {¶ 2} On August 28, 2006, Clark filed an Answer. On August 30, 2006, Clark and Buxton filed "Defendants', Patty Clark and Jessica Buxton, Motion to Dismiss Plaintiffs Action for Insufficiency of Service of Process." On October 2, 2006, the court issued a Judgment dismissing the matter. The Judgment provides, "The court has reviewed Rule 12(B)(5) and the Memorandum of the Defendants and is of the opinion that the Affidavit filed for purposes of service by publication is defective and does not comply with the requirements of Civil Rule 4.4(A). The Court also notes that Civil Rule 12(B) mandates that a Motion requesting dismissal under Rule 12(B)(5) requires that it be made prior to the filing of any responsive pleading. The Court notes that the Defendant, Patty Clark, filed a responsive pleading on August 28, 2006, two days prior to the filing of her Motion. However, the second affirmative defense in the Answer raises the issue of failure of process and of service of process upon Patty Clark." *Page 3 
 {¶ 3} The Lewises assert one assignment of error as follows:
 {¶ 4} "THE ORDER OF THE TRIAL COURT DATED OCTOBER 2, 2006, SUSTAINING DEFENDANT'S MOTION TO DISMISS FOR FAILURE OF SERVICE, IS SUSTAINED IN ERROR WHERE THE TRIAL COURT: (1)PREVIOUSLY GRANTED PLAINTIFF'S REQUEST AND UPON THE SAME APPLICATION AND AFFIDAVITS WITH RESPECT TO WHICH THE MOTION TO DISMISS WAS PREMISED; (2) ISSUED THE ORDER NOTWITHSTANDING PLAINTIFFS HAD MET THE PUBLISHING REQUIREMENTS; (3) CONDUCTED NO EVIDENTIARY HEARING ON THE ISSUE PRIOR TO THE ORDER OF DISMISSAL AND (4) GRANTED DISMISSAL DESPITE THE DEFENDANTS ACTUAL KNOWLEDGE OF PLAINTIFF'S COMMENCEMENT OF ACTION AND APPEARANCE."
 {¶ 5} We "review the trial court's dismissal under Civ.R. 12(B)(5) for insufficient service of process under an abuse of discretion standard. An abuse of discretion occurs when the trial court renders a decision that is arbitrary, unreasonable, or unconscionable." Spiegel v.Westafer, Union App. No. 14-05-18, 2005-Ohio-6033.
 {¶ 6} Pursuant to Civ.R.3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." "[I]f the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, *Page 4 
and that residence of the defendant cannot be ascertained with reasonable diligence." Civ.R.4.4(A). (Emphasis added).
 {¶ 7} "`It is axiomatic that when it is used in a statute, the word "shall" denotes that compliance with the commands of that statute is mandatory. `" In re D.J., Montgomery App. No. 21666, 2006-Ohio-6304, quoting Department of Liquor Control v. Sons of Italy Lodge 0917 (1992),65 Ohio St.3d 532, 534, 605 N.E.2d 368. We have determined that "[publication statutes are in derogation of the common law, and must be strictly construed." Norris v. Wright (July 13, 1979), Montgomery App. No. 6196. Other districts have determined that service by publication was defective when an affidavit did not contain "all of the efforts made on behalf of the party to ascertain the residence of the defendant."Freed v. Sims (June 9, 1994), Cuyahoga App. No. 65978; In re Burger
(March 31, 2000), Portage App. Nos. 98-P-0120, 98-P-121; Pridemore v.Dula (April 10, 1995), Butler App. Nos. CA94-02-043, CA94-06-139.
 {¶ 8} The affidavit that counsel for the Lewises filed with the court provided as follows: "Counsel states that Defendant's whereabouts are unknown and that Plaintiff has used reasonable diligence to located [sic] Defendant. Defendant, Jessica K. Buxton's, last known address was 2450#F Wyoming Street, Dayton, Ohio 45410. Defendant, Patty Clark's, last known address was 547 Fairfield Avenue, Fairborn, Ohio 45324. The Defendants cannot be located and must be served through publication."
 {¶ 9} While the Lewises may have made efforts to locate defendants, no evidence in the record supports that they made such efforts. Because the Lewises failed to provide an affidavit specifying the efforts made to locate defendants, service by publication was defective, as the trial court correctly determined. *Page 5 
 {¶ 10} While the Lewises argue that the trial court should have held a hearing prior to dismissing the matter, Civ.R. 12(B)(5) does not require a hearing. We further note that the Lewises did not oppose the defendants' motion to dismiss.
 {¶ 11} Finally the Lewises argue that "Defendant did have timely notice as evidenced by the docket and that all parties involved in the litigation appeared within the twenty-eight day response period after the certification of publication was filed on August 8, 2006." However, "when the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense."Gliozzo v. University Urologists of Cleveland (2007),114 Ohio St.3d 141, 145, 870 N.E.2d 714, 2007-Ohio-3762.
 {¶ 12} Since the trial court did not abuse its discretion in overruling Buxton and Clark's motion to dismiss, the Lewises' assignment of error is overruled and the judgment of the trial court is affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1