**McCARTY et al.**

v.

**RIVER PINES RV REPORT CONDOMINIUM ASSOCIATION, INC., et al.**

Court of Common Pleas of Ohio,
Clermont County.

No. 2010 CVH 0289.

Decided Jan. 7, 2011.

2

4

**6**

Michael Minniear, for plaintiffs.[1]

Michael R. Goodstein and Jessica B. Kling, for defendants.

HADDAD, Judge.

{¶ 1} This matter came before the court pursuant to a motion to dismiss, filed by the defendants on March 16, 2010.

{¶ 2} Pursuant to an agreed entry filed November 3, 2010, the parties submitted the motion to dismiss on the briefs.[2] The court took the matter under advisement and, having considered the complaint and the arguments contained in the briefs, now renders the following decision.

---

1. Plaintiffs were represented by attorney Sherrill Hondorf when the defendants' motion was filed. However, the court granted Hondorf's motion to withdraw as counsel, filed on June 30, 2010. Minniear then filed his notification form, alerting the court that he would be representing the plaintiffs, on August 17, 2010.

2. By signing the agreed entry, attorney Minniear submitted the matter on the brief in opposition, filed by attorney Hondorf on April 12, 2010.

## FINDINGS OF FACT

{¶ 3} The plaintiffs, John Robert McCarty and James Siler, are owners of property units at the River Pines RV Resort. As unit owners, they are members of the Unit Owners Association of the River Pines RV Resort. The defendants in this case are the River Pines RV Resort Condominium Association, Inc. The named members of the board of directors are listed on the complaint and are listed in their capacity as members only and not as individuals.

{¶ 4} The plaintiffs assert in the complaint that the board of directors has demonstrated that it is unable to operate on a day-to-day basis with the $300 annual assessment contained in the declarations. It is their contention that the board of directors has routinely required property owners to pay special assessments that are not for capital improvements but are instead for the day-to-day operations of the park. The plaintiffs argue that the declaration allows the board of directors to levy special assessments for the repair of old capital improvements or to erect new capital improvements and not for use for the day-to-day operations of the park. Thus, it is their contention that since the special assessments levied by the board of directors are not authorized by the governing documents, it is unlawful and beyond the authority given to the board of directors.

{¶ 5} Further, the plaintiffs assert that the board of directors conducted a vote to levy a special assessment for repairs to the fence around the perimeter of the resort. They argue that this constitutes a special assessment for routine maintenance. It is their contention that the declarations require a capital improvement in order for a special assessment to be levied and that routine maintenance does not constitute a capital improvement. The plaintiffs further allege that since the original levy, the board of directors has chosen to install a garrison-style fence adjacent to the property of lot owners located on the perimeter of the resort.

{¶ 6} The plaintiffs further allege that the board of directors voted to increase annual dues to $400 and to move the payment date from August 1 to March 1. They assert that this vote was an amendment to the bylaws and is invalid, since the board of directors did not comply with R.C. 5311.05(B)(10). In the alternative, the plaintiffs argue that this amounts to a double assessment of dues, since the members have paid $300 in August 2009, and are now being forced to pay $400 in March 2010.

{¶ 7} Additionally, the plaintiffs allege that there was a tract of property fronting Cobra Road that was owned in common as part of the condominium association when it was first formed in 1986. The plaintiffs argue that since that time, they have been unable to determine what happened to common ownership

of the property, but they believe that it was sold without notice to the owners in common.

{¶ 8} The plaintiffs also allege that the board of directors has caused certain lots to be foreclosed upon without proper notice or accounting to the unit owner. It is alleged that the board of directors trespassed for the purpose of removing property and has not accounted for the sale proceeds or the property belonging to the former unit owners.

{¶ 9} Finally, the plaintiffs assert that since 1986, the unit owners were responsible for purchasing electric meters. Some of the unit owners would remove the electric meters at the end of the summer in order to prevent water damage. They argue that despite the fact that the unit owners purchased the meters, the board of directors recently issued a declaration informing the members that the meters are the property of the park and that fees would be imposed for unit owners who removed the electric meters from the property.

{¶ 10} The plaintiffs have alleged four separate causes of action in the complaint: Count One—unlawful actions pursuant to unlawful votes; Count Two—conversion; Count Four—accounting for funds; and Count Five—reforming the governing documents.[3] Attached to the complaint are several exhibits. While the complaint states that the bylaws are attached as Exhibit D, the court finds that there is no Exhibit D to the complaint. Neither the bylaws nor the declarations are attached the plaintiffs' complaint.

{¶ 11} The defendants filed a motion to dismiss on March 16, 2010, alleging several grounds for dismissal, including Civ.R. 12(B)(2), 12(B)(4), 12(B)(5), and 12(B)(6). The plaintiffs' response was filed on April 12, 2010, and the defendants' final reply was filed on April 21, 2010.

## THE LEGAL STANDARD

{¶ 12} **Civ.R. 12(B)(2):** A motion to dismiss pursuant to Civ.R. 12(B)(2), when presented to the court upon written submissions and without an evidentiary hearing, requires only that the nonmoving party make a prima facie showing of jurisdiction. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27, citing *Fallang v. Hickey* (1988), 40 Ohio St.3d 106, 107, 532 N.E.2d 117. "In making its determination, the court must 'view allegations in the pleadings and the documentary evidence in a light most favorable' to the plaintiff and resolving all reasonable competing inferences in favor of the plaintiff." Id., quoting *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 236, 638 N.E.2d 541.

---

3. There is no Count 3 in the complaint.

{¶ 13} **Civ.R. 12(B)(4):** In order to succeed on a motion to dismiss pursuant to Civ.R. 12(B)(4), the movant must prove that there was *insufficiency of process.* According to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Effective service of the complaint is a requisite to the commencement of a cause of action. *Burgess v. Doe* (1996), 116 Ohio App.3d 61, 68, 686 N.E.2d 1141 (12th Dist.), citing *Lash v. Miller* (1977), 50 Ohio St.2d 63, 65, 362 N.E.2d 642. "Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 145, 2007-Ohio-3762, 870 N.E.2d 714, citing *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 157, 11 OBR 471, 464 N.E.2d 538. It is the duty of the plaintiff to perfect service of process upon the defendants, and the defendants have no duty to assist them. Id. The purpose of this rule is to "promote the prompt and orderly resolution of litigation, as well as eliminating the unnecessary clogging of court dockets caused by undue delay." *Burgess* at 68, citing *Saunders v. Choi* (1984), 12 Ohio St.3d 247, 250, 466 N.E.2d 889. This rule is not a mere technicality designed to deny parties their day in court. Id.

{¶ 14} **Civ.R. 12(B)(5):** In order to succeed on a motion to dismiss pursuant to Civ.R. 12(B)(5), the movant must prove that there was *insufficiency of service of process.* Civ.R. 4 through 4.6 address the appropriate means of obtaining service of process. Further, "even though there is a presumption of proper service in cases where the Civil Rules on service are followed, 'this presumption is rebuttable by sufficient evidence.'" *Matteo v. Principe,* Cuyahoga App. No. 92894, 2010-Ohio-1204, 2010 WL 1101658, ¶ 11, quoting *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66, 17 OBR 120, 477 N.E.2d 1212. For instance, the certified mailing must be to an address that is reasonably calculated to cause service to reach the defendant. Id. at ¶ 11–12, citing *Ohio Civ. Rights Comm. v. First Am. Properties* (1996), 113 Ohio App.3d 233, 237, 680 N.E.2d 725, and *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 16 O.O.3d 436, 406 N.E.2d 811. The court need not hold a hearing before ruling on a motion to dismiss pursuant to Civ.R. 12(B)(5). *Lewis v. Buxton,* Greene App. No. 2006 CA 122, 2007-Ohio-5986, 2007 WL 3317481, ¶ 10.

{¶ 15} **Civ.R. 12(B)(6):** A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. When considering a Civ.R. 12(B)(6) dismissal, the court must presume that all factual allegations of the complaint are true, and it must make all reasonable inferences in favor of the nonmoving party. It must then appear beyond doubt that the nonmoving party

can prove no set of facts entitling it to the requested relief in the complaint. *Avery v. Rossford, Ohio Transp. Improvement Dist.* (2001), 145 Ohio App.3d 155, 164, 762 N.E.2d 388, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. See also *Guess v. Wilkinson* (1997), 123 Ohio App.3d 430, 434, 704 N.E.2d 328; *Hanson* at 548. However, the court is not required to presume the truth of conclusions in the complaint unsupported by factual allegations. *Guess*, 123 Ohio App.3d at 434, 704 N.E.2d 328.

{¶ 16} The court may not rely upon evidence outside of the complaint when considering a Civ.R. 12(B)(6) motion; however, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, fn. 1. Otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment. Civ.R. 12(B); *Hanson*, 65 Ohio St.3d at 548, 605 N.E.2d 378. "When a claim is founded upon some written instrument and a copy thereof is attached to the complaint in accordance with Civ.R. 10(D), the complaint should not be dismissed pursuant to Civ.R. 12(B)(6) unless the complaint and the written instrument on their face show to a certainty some insuperable bar to relief as a matter of law." *McCamon–Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio*, Mahoning App. No. 02 CA 23, 2003-Ohio-1221, 2003 WL 1193812, at ¶ 10, citing *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 182, 69 O.O.2d 178, 318 N.E.2d 557. A Civ.R. 12(B)(6) motion differs from a Civ.R. 12(C) motion for judgment on the pleadings in that Civ.R. 12(C) permits consideration of both the complaint and answer. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931. See also *Feagin v. Mansfield Correctional Inst.*, Franklin App. No. 07AP–182, 2007-Ohio-4862, 2007 WL 2729421, ¶ 10.

## LEGAL ANALYSIS

### Civ.R. 12(B)(2)

{¶ 17} The defendants argue that the board of directors of a nonprofit organization is not a separate legal entity that can sue or be sued. In Ohio, the members of a board of directors can be held liable in their individual capacity, but not their collective capacity. *Flarey v. Youngstown Osteopathic Hosp.*, 151 Ohio App.3d 92, 2002-Ohio-6899, 783 N.E.2d 582, ¶ 12, 16. The board of directors is not a separate legal entity or an alter ago of the corporation but is instead an integral part of the corporation. Id. Therefore, a nonprofit corporation's board of directors, as an entity, is not capable of being sued. Id. at ¶ 20. For this reason, the court finds that the board of directors is not a separate legal entity that can sue or be sued. Consequently, the court finds that the board of directors is not a

proper party to the suit; thus, the court has no personal jurisdiction over that party. Based upon this finding, the court hereby grants the motion to dismiss as it applies to the board of directors.

## Civ.R. 12(B)(4)

{¶ 18} The defendants argue that pursuant to Civ.R. 12(B)(4), this matter should be dismissed, since the plaintiffs have failed to comply with the process requirements of Civ.R. 3(A). It is their contention that service was not perfected within one year of the filing of the complaint. However, pursuant to Civ.R. 3(A), the plaintiff must obtain service upon *a* named defendant within one year in order for the civil action to be commenced. There is no requirement that the plaintiff obtain service on *all* of the defendants. Therefore, as long as at least one of the named defendants was served within one year of the filing of the complaint, the court cannot dismiss the case for failure of process.

{¶ 19} According to the court's record, the defendant River Pines RV Resort Condominium Association, Inc. was served on February 17, 2010. The clerk of courts served the defendant's statutory agent, Robert Gardner, by certified mailing, evidenced by a return receipt signed by Robert Gardner. He was served at 519 Kemper Road, Cincinnati, OH 45246. The complaint was filed on February 10, 2010, which is seven days prior to Gardner's accepting service on behalf of the condominium association.

{¶ 20} Consequently, the court finds that at least one of the named defendants was served within one year of the filing of the complaint. For this reason, the court finds that the defendants' motion to dismiss pursuant to Civ.R. 12(B)(4) is not well taken and is denied.

## Civ.R. 12(B)(5)

{¶ 21} The defendants further argue that this matter should be dismissed pursuant to Civ.R. 12(B)(5) for failure of service of process. Civ.R. 4(E) provides: "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant * * *."

{¶ 22} Assuming, arguendo, that the corporation, the board of directors of a nonprofit corporation, and each individual member of the board of directors were properly made parties to this suit, the court, having reviewed the file, finds as follows:

- As to the River Pines RV Resort Condominium Association, Inc., the court finds that it was served on February 17, 2010, by service to its statutory

agent, Robert Gardner. Since the condominium association was served within six months of the filing of the complaint, the court finds that it is not entitled to dismissal pursuant to Civ.R. 12(B)(5) for failure of service of process.

- As to the board of directors, the court has already determined, in its Civ.R. 12(B)(2) analysis, that the board of directors is not a proper party to this action. Therefore, since the board of directors has already been dismissed, the court need not address it at this stage of the analysis.

- As to the individual members of the board of directors, Robert Gardner, Steve Lynn, Mike Eckel, Ginger Schilling, Joe Kovach, Sharon Sellars, and Nancy Banta, the court finds that according to the complaint, they are listed only as members of the board of directors and are not listed in an individual capacity. Further, to the extent that they were intended to be sued as individual members rather than collectively, as a group, the court finds that they were not served in an individual capacity within six months of the filing of the complaint. Each time the summons was sent to an address belonging to each of these individuals, it was addressed to River Pines Unit Owners Association, c/o the individual member. Since service was addressed to the River Pines Unit Owners Association, the court finds that each of the board members was served as a means of effecting service upon the board of directors of the corporation, and not upon each individual member. Therefore, to the extent that the members were named individually as defendants, the court finds that they have not been individually served within six months of the filing of the complaint. Consequently, the court finds that the individual members are entitled to dismissal under Civ.R. 12(B)(5) for failure of service of process.

{¶ 23} Based upon the foregoing analysis, the court finds that the condominium association was served with a copy of the summons and complaint within six months of the filing of the complaint; thus, it is not entitled to dismissal under Civ.R. 12(B)(5). Each of the individually listed members of the board of directors is, however, entitled to dismissal under Civ.R. 12(B)(5), since they were not served as individuals within six months of the filing of the complaint.[4] Consequently, the court grants the motion to dismiss under Civ.R. 12(B)(5) in part and denies it in part.

## Civ.R. 12(B)(6)

{¶ 24} Having dismissed the board of directors in the court's Civ.R. 12(B)(2) analysis, and the individual members of the board of directors in the court's

---

4. The court has already determined, in its Civ.R. 12(B)(2) analysis, that the board of directors is not a proper party to the action, and it has been dismissed for that reason.

Civ.R. 12(B)(5) analysis, the only party remaining is the condominium association. The complaint alleges four separate counts: unlawful actions pursuant to unlawful votes, conversion, accounting for funds, and reforming the governing documents. The court will address these in the order alleged in the complaint.

{¶ 25} *Count One—Unlawful Actions Pursuant to Unlawful Votes* : In the first count of the complaint, the plaintiffs request injunctive relief in order to enjoin the board of directors from taking any actions arising from meetings when there was not a quorum present, including, but not limited to, proceeding with the fence, enforcing fees and costs on members who own their electric meters, and enforcing the payment of a $400 annual assessment pursuant to unlawful votes. The defendants, however, assert that they complied with the statute and the governing documents when determining each of these issues.

{¶ 26} The defendants assert in their motion to dismiss that the increase in annual dues was undertaken lawfully and in compliance with the bylaws, that the special assessments were undertaken in accordance with the bylaws, and that the repairs to the fence are authorized by the bylaws. They further assert that the electrical meters are owned by the condominium association and not by each individual unit owner. These are factual arguments, and in determining a Civ.R. 12(B)(6) motion, the court cannot make factual determinations. All facts in the complaint must be presumed to be true. The court may determine only whether the facts alleged in the complaint, if ultimately proven to be true, constitute a claim upon which relief may be granted. The factual arguments by the defendants are improper at this stage of the proceeding and are more appropriate for a motion for summary judgment or trial on the merits.

{¶ 27} In the complaint, the plaintiffs allege that a quorum is required to conduct business and that any business conducted without a quorum is unlawful and outside the governing documents. Since the plaintiff failed to attach the governing documents to the complaint and the court cannot consider any evidence attached to the defendants' motion, the court has no choice but to presume that these assertions are true. See, e.g., *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 11. (a party can still plead a prima facie case in such circumstances even without attaching the account or written instrument to the complaint, and the complaint can survive a Civ.R. 12(B)(6) motion to dismiss). In Ohio, condominium associations are governed by R.C. 5311 and by certain written documents required by the statute. At this point, the court finds that the facts asserted by the plaintiffs, if proven to be true, could entitle them to recovery for violation of R.C. Chapter 5311 and the governing documents.

{¶ 28} Therefore, having presumed all factual allegations in the complaint to be true, and making all reasonable inferences in favor of the nonmoving party, the court finds that the plaintiffs have asserted a set of facts that could entitle them to relief on their claim of "unlawful actions pursuant to unlawful votes," which alleges violations of R.C. Chapter 5311 and the documents governing the condominium association. Consequently, the defendants' motion to dismiss as to Count One is denied.

{¶ 29} *Count Two—Conversion*: Conversion is defined as "any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights." *Okocha v. Fehrenbacher* (1995), 101 Ohio App.3d 309, 318, 655 N.E.2d 744. It is well established that a conversion claim can be asserted only with respect to personal property and not with respect to real property. *First Fed. Bank v. Angelini*, Crawford App. No. 3–07–04, 2007-Ohio-6153, 2007 WL 4090767, ¶ 8; *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 673 N.E.2d 628; *Ohio Tel. Equipment & Sales, Inc. v. Hadler Realty Co.* (1985), 24 Ohio App.3d 91, 93, 24 OBR 160, 493 N.E.2d 289, 292.

{¶ 30} In Count Two, the plaintiffs allege that "there was an unlawful sale of the property fronting Cobra Road amounting to conversion." According to the complaint, this is a tract of property that was believed to be owned in common as part of the condominium association. Since this portion of the plaintiffs' conversion claim alleges a conversion of real property, the court finds that in Ohio, real property is not a proper subject for a conversion claim. Therefore, having presumed all factual allegations of the complaint to be true, and making all reasonable inferences in favor of the nonmoving party, the court finds that it appears beyond doubt that the plaintiffs can prove no set of facts entitling them to relief on a claim of conversion of real property; thus, the court hereby dismisses this portion of Count Two of the complaint.

{¶ 31} In a separate allegation in Count Two, the plaintiffs allege that the defendants unlawfully foreclosed and trespassed on the plaintiffs' property and converted both real and personal property in the process. The facts alleged in the complaint are that "the board of directors has entered onto private property and trespassed for the purpose of removing the Unit Owner's property and have not accounted for the sale proceeds or the property to the former Unit Owner(s)." To the extent that this allegation is a conversion of real property, the court has no choice but to dismiss it, since real property is not a proper subject of a conversion claim. However, to the extent that this allegation is a conversion of personal property, the court finds that the plaintiffs have asserted a claim upon which relief can be granted. Since the factual allegations are not clear, and since the court must make all reasonable inferences in favor of the nonmoving party,

the court finds that the plaintiffs may be able to prove a set of facts entitling them to relief on a claim of conversion of personal property. Therefore, all allegations in Count Two for conversion of real property are dismissed, and only those allegations of conversion of personal property remain.

{¶ 32} *Count Four—Accounting for Funds* : The plaintiffs are asking for an accounting of funds realized from the property fronting Cobra Road and from the property taken from "unlawful foreclosures." It is the plaintiffs' allegation that "a tract [of] property fronting on Cobra Road was owned in common as part of the condominium association. Plaintiffs have been unable to determine what happened to the common ownership of this property and believe that it was sold without notice to the owners in common." Additionally, the plaintiffs allege that that the "Board of Directors has caused certain lot(s) to be foreclosed and sold upon without the proper notice or accounting to the Unit Owner." They allege that the "Board of Directors has entered onto private property and trespassed for the purpose of removing the Unit Owner's property and have not accounted for the sale proceeds or the property * * *." The defendants argue, however, that the Cobra Road property was never owned by the association and has requested that the court take judicial notice of the sales history indicated in the records from the Clermont County auditor's office.

{¶ 33} The court would first note that in Ohio, it may take judicial notice of "appropriate matters" in determining a motion to dismiss for failure to state a claim upon which relief can be granted. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170. However, the courts that have decided this issue have found it appropriate to take judicial notice of matters involved in the lawsuit before them but have determined that the rule does not extend to other cases, even if they involve the same parties or same issues. The court could find no cases in Ohio where a court took judicial notice of anything other than prior rulings in the case currently before it. Therefore, in an abundance of caution, and since the court must make all reasonable inferences in favor of the nonmoving party, the court will not, at this time, take judicial notice of the auditor's sales records for the Cobra Road property. The court finds that ownership of the property is a question of fact that may be resolved through a motion for summary judgment, but is not appropriate for resolution through a motion to dismiss for failure to state a claim upon which relief can be granted.

{¶ 34} Having said that, the court must consider all facts alleged in the complaint to be true. The plaintiffs allege that the tract of property was owned in common as part of the condominium association, and since the condominium associations formation, ownership of that property has transferred. Further, the plaintiffs allege that the condominium association has foreclosed on and sold lots in the community without notice to the owners. In addition, it is alleged that the

board of directors entered the unit owners' property to remove property in order for the lots to be foreclosed upon. The plaintiffs allege that the condominium association has not accounted for any of the funds derived from the sale of the Cobra Road property, the unit owners' lots, and the unit owners' property. Since these factual allegations are presumed to be true, and since the court must make all reasonable inferences in favor of the nonmoving party, the court finds that the plaintiffs may be able to prove a set of facts entitling them to relief on a claim of accounting for funds. Therefore, the court denies the defendants' motion to dismiss as it relates to Count Four of the complaint.

{¶ 35} *Count Five—Reforming the Governing Documents* : "Reformation is the modification of an instrument to express the actual intent of the parties." *Butler Cty. Bd. of Commrs. v. Hamilton* (2001), 145 Ohio App.3d 454, 474, 763 N.E.2d 618. "Generally, reformation applies to cases involving mutual mistake. It does not apply to unilateral mistake." Id. It has additionally been used to change agreements in an effort to reflect what would have been said, absent fraud. Id. In this case, the plaintiffs do not allege fraud or mutual mistake. Instead, they assert that the "governing documents must be reformed or rewritten with some flexibility to address the needs of the Unit Owners Association as well as to conform to the existence of modern-day communications and to the modern needs of the Park." The court finds that this does not constitute an allegation of fraud or mutual mistake. Therefore, having presumed all factual allegations of the complaint to be true, and making all reasonable inferences in favor of the nonmoving party, the court finds that it appears beyond doubt that the plaintiffs can prove no set of facts entitling them to reformation of the governing documents, and the court hereby dismisses Count Five of the complaint.[5]

### CONCLUSION

{¶ 36} Based upon the foregoing analysis, the court finds as follows:

{¶ 37} Pursuant to Civ.R. 12(B)(2), the court does not have jurisdiction over the defendant board of directors, since a board of directors cannot be sued collectively as a group. The board of directors is therefore dismissed as a defendant to this action.

{¶ 38} Pursuant to Civ.R. 12(B)(4), the defendants River Pines RV Resort Condominium Association, Inc. and each individual member of the board of

---

5. While "Reforming the Governing Documents" is labeled as "Count Five," it is actually the fourth count of the complaint since "Count Three" was, for some reason, excluded.

directors are not entitled to dismissal, since at least one party was served within one year of the filing of the Complaint.

{¶ 39} Pursuant to Civ.R. 12(B)(5), the court denies the defendants' motion to dismiss the River Pines RV Resort Condominium Association, Inc., since service was perfected upon its statutory agent within six months of the filing of the complaint. However, defendants Robert Gardner, Steve Lynn, Mike Eckel, Ginger Schilling, Joe Kovach, Sharon Sellars, and Nancy Banta are dismissed from this action, since they were not served in their capacities as individual members of the board of directors within six months of the filing of the complaint. Instead, the court finds that they accepted service on behalf of the board of directors as a group.[6]

{¶ 40} Consequently, based upon the above, the court has dismissed the board of directors pursuant to Civ.R. 12(B)(2) and the individual members pursuant to Civ.R. 12(B)(5); therefore, the only remaining party is the defendant River Pines RV Resort Condominium Association, Inc.

{¶ 41} In terms of Civ.R. 12(B)(6), the court, having presumed all allegations of the complaint to be true, and having drawn all reasonable inferences in favor of the nonmoving party, finds as follows:

{¶ 42} As to Count One, the court finds that the plaintiffs have stated a claim upon which relief can be granted. Therefore, Count One remains as to the defendant River Pines RV Resort Condominium Association, Inc. only.

{¶ 43} As to Count Two, the court finds that the plaintiffs have failed to state a claim upon which relief can be granted as to the real property; thus, the claim of conversion of real property must be dismissed. Further, the plaintiffs have stated a claim upon which relief can be granted as to any personal property alleged to have been taken; consequently, the claim of conversion of personal property remains as to the defendant River Pines RV Resort Condominium Association, Inc. only.

{¶ 44} As to Count Four, the court finds that the plaintiffs have stated a claim for relief upon which relief can be granted. Therefore, Count Four remains as to the defendant River Pines RV Resort Condominium Association, Inc. only.

{¶ 45} As to Count Five, the court finds that the plaintiffs have failed to state a claim for relief upon which relief can be granted. Consequently, Count Five is dismissed.

{¶ 46} It is ordered that the remaining defendant, the River Pines RV Resort Condominium Association, Inc., has 28 days from the filing of this decision/entry

---

6. As previously stated, in Ohio, the board of directors cannot be sued as a whole, but each individual member can be sued in their capacity as a board member.

to answer the remaining claims of the complaint. The court will be in contact with the parties following the expiration of the 28 days to set the case for scheduling conference.

{¶ 47} It is further ordered that this decision shall serve as the judgment entry in this matter.

So ordered.